BROOKS v. WICHITA MILL & ELEVATOR CO. (No. 1524.)

(Court of Civil Appeals of Texas. Amarillo. April 9, 1919.)

1. PLEADING ⬅111—PLEA OF PRIVILEGE—EFFECT OF SUSTAINING PLEA.

Under Rev. St. art. 1903, as amended by Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), the sustaining of plea of privilege to be sued in county of residence does not abate the suit, but simply changes the venue.

2. APPEARANCE ⬅8(3) — PLEA OF PRIVILEGE.

Under Rev. St. art. 1903, as amended by Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), making filing of plea of privilege prima facie proof of defendant's right to a change of venue, and in view of articles 1832 and 1833, and notwithstanding article 1910, defendant, after filing plea of privilege, is not required to appear until he receives notice of a contest and of order setting a day for hearing; the filing of plea being appearance for purpose of plea and proof of rights asserted.

3. VENUE ⬅34—CHANGE OF—COUNTY OF RESIDENCE—CONSTRUCTION OF STATUTES.

Statutes relating to change of venue to county of defendant's residence should be liberally construed to effect such purpose.

4. JUDGMENT ⬅107 — DEFAULT — PLEA OF PRIVILEGE—UNDISPOSED OF.

Under Rev. St. art. 1903, as amended by Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), where no controverting plea or affidavit was filed to defendant's plea of privilege to be sued in county of his residence, and no notice was given defendant of contest or hearing thereon, court could not render default judgment upon defendant's failure to appear.

5. PLEADING ⬅104(2)—PLEA OF PRIVILEGE—SUFFICIENCY.

Defendant's plea of privilege to be sued in county of his residence is not required to state that defendant has a meritorious defense; the right to change of venue being a statutory and not an equitable right.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from Wichita County Court; Harvey Harris, Judge.

Action by the Wichita Mill & Elevator Company against John H. Brooks. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Norman, Shook & Gibson, of Jacksonville, for plaintiff in error.

Martin, Bullington, Boone & Humphrey, of Wichita Falls, for defendant in error.

HUFF, C. J. The defendant in error, Wichita Mill & Elevator Company, sued plaintiff in error, John H. Brooks, in the county court of Wichita county, for goods sold and delivered to plaintiff in error amounting to the sum of $406, alleging that Brooks in writing agreed to pay the indebtedness in Wichita county. The petition was filed June 20, 1917. On August 2, 1917, the plaintiff in error filed his plea of privilege to be sued in Cherokee county, Tex., setting up his residence in that county at the institution of the suit, when the service of the citation was had on him, and at the time of the filing of the plea, and not in Wichita county at either of said dates, alleging that he did not promise nor contract in writing to pay the alleged debt in Wichita county; also negativing the exceptions authorizing the suit in the county other than the residence of the defendant, as now authorized by our statutes, the plea being sufficient in form. The defendant in error did not controvert the plea filed by plaintiff in error by a sworn plea or otherwise. On the 3d day of December, 1917, the court rendered judgment for defendant in error for the amount sued for, reciting in the judgment the appearance of the plaintiff therein, and that "the defendant, though duly cited to appear to answer, came not, but wholly made default," etc.

The questions presented on this appeal are whether the court should have changed the venue upon the filing of the plea upon defendant in error's failure to controvert the plea, or whether the plaintiff in error waived his plea by failure to present it to the court and urge that the venue be changed, and whether the court, with the plea on file, could enter a default judgment.

[1] At the time the petition was filed, June 20, 1917, the amendment of article 1903, R. C. S. by 35th Leg., 1917, General Laws, p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), was then in effect. The act went into effect 90 days after adjournment, which occurred on the 21st of March, 1917. This gave full 90 days before the institution of the suit, and that act was then in force, and will govern the procedure with reference to the plea of privilege in this case. By the amendment a radical departure from the original practice and procedure is apparent. It is manifest when the former amendments are

211 S.W.—19

taken into consideration that it was the evident purpose of the Legislature to abolish the strict rules that originally prevailed with regard to pleas of this character. Sustaining the plea now does not abate the suit as formerly, but simply changes the venue. Stevens v. Polk County, 58 Tex. Civ. App. 153, 123 S. W. 618; Hickman v. Swain, 106 Tex. 431, 167 S. W. 209. The first part of article 1903, as amended, is in words the same as it was under the amendment by the Thirtieth Legislature (chapter 133), but has added thereto making the filing of the plea prima facie proof of the right to a change of venue by the defendant in the absence of a controverting affidavit or plea, and in which case the court must note on the contest an order setting a day for the trial thereof, and give to the defendant 10 days' notice before such trial. Under articles 1832 and 1833, when a plea of privilege is sustained, it is provided thereby that the case shall be transferred by the court to the county having jurisdiction. Before the present amendment it was necessary for the defendant aliunde his plea by evidence to prove his right to be sued in the county of his residence. Upon such proof it was the duty of the court to enter the proper order. Under the statute as it now reads the plea, when "filed," is prima facie proof of defendant's right to a change of venue. The duty of the court is to enter the order, and in fact he has no power to enter any other order or judgment unless a controverting plea is filed; then the court must note thereon the time for hearing on the plea, of which the defendant must have 10 days' notice.

[2] It is manifest, we think, that the statute contemplates, after the defendant has made prima facie proof of his right, that he is not required to be present until he receives notice of a contest and of the order setting a day for hearing thereon. If no contest is filed he has established his right, and the court no longer has jurisdiction over his person, but it is with the court in a different county. Under the amendment the filing of the plea is both an appearance for the purpose of the plea and proof of the rights asserted. Formerly the mere filing was not proof, and if not presented and proof offered thereon it was a waiver. It seems to us this formality is now dispensed with, and the decisions to that effect under article 1910 are not applicable. We believe the following cases will support the view above expressed: Ray v. Kimball, 207 S. W. 351; Murphy v. Dabney, 208 S. W. 981; Lucid v. McDowell, 206 S. W. 203. The caption of the act, amending article 1903, also suggests, we think, that it was the purpose to change the practice or procedure as formerly established. The caption recites that it was an act to amend the article "so as to render a verified plea of privilege prima facie proof of the

right of the defendant to change of venue and providing for procedure thereon."

[3-5] The various acts of the Legislature evidence an intense legislative purpose to secure to the defendant the right to be sued in the county of his residence. We believe the courts ought to lend a willing mind to such rights, and to secure to him the right so clearly conferred upon him and give to the statutes a liberal construction to effect that purpose. We do not think the trial court had jurisdiction over the person of plaintiff in error when he filed his sworn plea, which was uncontroverted, and hence could not render a default judgment. He was not in default to a court that had no jurisdiction over his person. He had done all the law required him to do when he filed his plea to be sued in his own county. He had both objected to the jurisdiction and proved his right. The court could make but one order, and that was to transfer the case to the proper county. Neither in this case do we think he was required to set up that he had a meritorious defense in order to secure a change of venue. He is not asserting an equitable right, but a statutory right, one given him by the law. Merchants, etc., v. First State Bank, 192 S. W. 1101 (3); Browne v. Walker, 206 S. W. 859. We think the court was in error in rendering judgment by default, and the same will be reversed and remanded, with instructions to set aside the judgment and to change the venue to Cherokee county, Tex., under the statutes providing for such change when the plea of privilege is sustained.

Reversed and remanded, with instructions.

---

⨀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes