## BLEDSOE v. BARBER.    (No. 6371.)

(Court of Civil Appeals of Texas.    San Antonio.    March 31, 1920.)

**1. Pleading ⊙⇒111—Plea of privilege prima facie proof of right to change venue.**

Under Rev. St. 1911, art. 1903, as amended by Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), in action against husband and wife on note executed by wife, plea of privilege filed by defendant husband constituted prima facie proof of right to change of venue, and it devolved on plaintiff to file controverting affidavit and introduce evidence showing right to sue in county.

**2. Husband and wife ⊙⇒229(3)—Petition in suit on wife's note held to state no cause of action against her.**

Petition against husband and wife in suit on note executed by wife in purchase of piano states no cause of action against her, though it alleges purchase was for benefit of her separate estate, but discloses facts showing conclusion is erroneous.

**3. Venue ⊙⇒7—Petition on note of wife showing no obligation as to her insufficient to confer venue as to husband.**

In suit against husband and wife on note executed by wife, where petition discloses note constituted no obligation of wife, it cannot be held sufficient to confer venue in county where payable as to defendant husband, resident in county other than that of suit, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830,

subd. 5, permitting suit where contract is to be performed.

**4. Venue ⊙⇒17—Failure of wife to plead privilege not depriving husband of right.**

Where there was no cause of action against wife on her note on which she could be sued, her failure to plead her privilege to be sued in county of residence could not deprive her nonresident husband of right to insist there was no exception to the venue statute authorizing suit against him in such county.

**5. Pleading ⊙⇒111—Right to sue defendant who pleads privilege depends on facts and not on allegations.**

Right to maintain suit away from residence of defendant, who pleads privilege, must depend on existence of facts which constitute exception to statute, and not upon mere allegation of facts.

**6. Pleading ⊙⇒111—Burden to prove agency of wife for husband to bring case within exception of statute.**

In suit against husband and wife on wife's note in the county where it was payable, though plaintiff pleaded agency of wife for husband in executing note, and asserted it in controverting affidavit to husband's plea of privilege to be sued in county of residence, plaintiff still remained under necessity to prove it to show contract sued on was that of husband, so that action was properly brought in county of execution under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 5.

Appeal from Travis County Court; D. J. Pickle, Judge.

Suit by Isaac Bledsoe against Mrs. Ora Barber and I. N. Barber, her husband. From judgment sustaining defendant husband's plea of privilege, plaintiff appeals. Affirmed.

White, Cartledge & Wilcox, of Austin, for appellant.

MOURSUND, J. Isaac Bledsoe sued Mrs. Ora Barber and her husband, I. N. Barber, residents of Matagorda county, upon a promissory note executed by Mrs. Barber, payable in Travis county, and for foreclosure of a chattel mortgage lien upon a piano. Plaintiff alleged that Mrs. Barber executed the note for herself and as the agent and attorney in fact for her husband, and that she was duly authorized by her husband to execute the same. He also alleged, in the alternative, that if the note was not executed as agent for Mr. Barber, then that Mrs. Barber executed the same for the purchase money of the piano described in the mortgage, which was purchased by Mrs. Bledsoe for the benefit of her separate estate, and that she was personally liable therefor.

I. N. Barber filed a plea of privilege in statutory form, with the addition of a special denial that he had ever promised in writing to pay the debt sued on to plaintiff in

Travis county or in any other county. The plaintiff filed a controverting affidavit containing averments of the material allegations contained in his original petition, and the further allegation that said I. N. Barber is the husband of Mrs. Ora Barber, and therefore a necessary party to the suit, and that by reason of the fact that the note sued on was payable in Travis county the venue of the suit was properly laid in said county as to both defendants. The plaintiff introduced in evidence the note sued on, signed by Mrs. Ora Barber, and payable at Austin, Travis county, Tex.; also the original petition. No other evidence was introduced. The court sustained the plea of privilege.

[1-3] Under article 1903, as amended by chapter 176, Acts of the Thirty-Fifth Legislature (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), the plea of privilege filed by Barber constituted prima facie proof of his right to change of venue. Brooks v. Wichita Mill Co., 211 S. W. 288; Witt & Sons v. Stith, 212 S. W. 673. Upon the filing thereof it devolved upon plaintiff to file a controverting affidavit and introduce evidence showing his right to sue Barber in Travis county. As Barber's residence was admittedly in Matagorda county, it became necessary to show the existence of one of the exceptions to the statute of venue. In this case no cause of action is alleged against Mrs. Barber. It is not alleged that the contract sued on was for necessaries, and while it is alleged that it was for the benefit of her separate estate, the petition discloses facts showing that such conclusion is erroneous. How can the purchase of a piano be an expense for the benefit of her separate estate? To so hold would simply mean that a married woman, under the law as it existed when Mrs. Barber signed the note, could make a valid contract for the purchase of any property, just so she intended the property to become a part of her separate estate. In support of the conclusion that the petition states no cause of action against her, we cite the following cases: Covington v. Burleson, 28 Tex. 368; Shannon v. Childers, 202 S. W. 1030; Ferguson v. Bank (Sup.) 206 S. W. 923; Mills v. Bank, 208 S. W. 698; Shaw v. Proctor, 193 S. W. 1104; First State Bank v. Tinkham, 195 S. W. 880; Speers, Law of Marital Rights, §§ 157 and 177. As the petition discloses that the instrument relied on to create a contract in writing on her part constitutes no obligation, it is evident that it cannot be held sufficient to confer venue, under subdivision 5 of the statute of venue. The entire contract is one which imposes no obligation of any kind upon her, and therefore cannot serve the purpose of an obligation to pay in Travis county, or a contract fixing venue of a suit in Travis county.

Appellant relies upon the case of Hall v. Decherd, 62 Tex. Civ. App. 426, 131 S. W. 1133, in which it was held 'that, although no personal judgment be obtained against the married woman or her husband on a note and chattel mortgage signed only by her, suit could be maintained for the purpose of establishing the amount unpaid and foreclosure of the lien. In that case, however, the suit was filed in the county in which the defendants resided, and the court did not pass upon the issue involved in this case. We do not understand the opinon as holding that the note and mortgage evidenced contracts on the part of Mrs. Decherd valid for any purpose, but that Anna Blucher, who was in possession of the piano, took it subject to the claim for the balance of the purchase money and could not be heard to assert there was no debt and no lien.

[4] As there was no cause of action against Mrs. Barber which fell within any of the exceptions to the statute of venue, it is clear that the venue as against her husband cannot be sustained on any theory that he was a necessary, though nominal, party in a suit against her. There being no cause of action against her on which she could be sued in Travis county, her failure to plead her privilege to be sued in the county of her residence could not deprive her husband of his right to insist that there was no exception to said statute such as would authorize suit against him in Travis county.

[5, 6] The appellant contends, however, that as he alleged that Mrs. Barber in signing her name to the note contracted as the agent of her husband the venue was properly laid in Travis county, on the theory that he had contracted in writing to perform the obligation in Travis county. The right to maintain the suit away from the residence of a defendant who pleads his privilege must depend on the existence of the facts which constitute the exception to the statute, and not upon the mere allegation of facts. First Nat. Bank v. Gates, 213 S. W. 720, and authorities cited. In order to overcome the prima facie case made by filing the plea of privilege, it became necessary for plaintiff to prove the exception to the statute relied upon. If the note had on its face purported to be the obligation of Mr. Barber, such an exception would have been proven by the introduction in evidence of the note. But the note introduced in evidence purported to be the obligation of Mrs. Barber, and not that of Mr. Barber. It therefore appears that the plaintiff failed to show the existence of a contract in writing by Mr. Barber. If it be true that a contract signed by Mrs. Barber can constitute a contract in writing by Mr. Barber within the meaning of the subdivision 5 of article 1830, it can only be shown to be such a contract by showing that Mrs. Barber executed the same as the agent of her husband. No such proof was made, and it is argued that to require such proof is to

require plaintiff to prove liability on the part of the defendant Barber. Surely the court would not be authorized to excuse plaintiff from making proof of the facts showing the exception to the statute of venue just because such proof would also show that Mr. Barber had become liable to plaintiff by virtue of the signing of the note. Although plaintiff pleaded such agency, and again asserted it in the controverting affidavit, there still remained the necessity for proving it. Ray v. Kimball Co., 207 S. W. 351. In the cited case the facts were very similar to those shown in this case.

In the case of Parrott v. Peacock, 180 S. W. 132, cited by appellant, the evidence introduced on the hearing of the plea showed that Mrs. Parrott was the agent of her husband in signing the contract, so it appears that the objection to the sufficiency of plaintiff's proof in this case did not obtain in that case.

We conclude that the court did not err in sustaining the plea of privilege.

Judgment affirmed.