### STANDARD RICE CO. v. BROUSSARD et al.
#### (No. 7913.)

(Court of Civil Appeals of Texas. Galveston. April 22, 1920.)

**1. Appeal and error ⟨⟩768—Court rule, that appellant's statement, not contested, must be considered acquiesced in, enforced.**

Court of Civil Appeals rule 41 (142 S. W. xiv), that "whatever of the statement of the appellant * * * in his brief is not contested will be considered as acquiesced in," requires acceptance of a statement so made by appellant.

**2. Pleading ⟨⟩111—Overruling plea of special privilege, without proof supporting controverting affidavit, was error.**

Rev. St. 1911, art. 1903, as amended by Acts 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), provides that plea of privilege in manner and form as required shall be prima facie proof of matters therein alleged, and the burden is on plaintiff to prove allegations of his controverting affidavit, and where plaintiff offered no such proof it was error to overrule the plea.

Appeal from Chambers County Court; Joe F. Wilson, Judge.

Suit in justice court by J. A. Broussard against the Standard Rice Company and another, in which the Rice Company's plea of privilege was denied, and judgment rendered for plaintiff against the defendants, and also for defendant J. C. Jackson against the defendant Rice Company. On appeal to the county court, the plea of privilege was again overruled, and a like judgment again rendered, and the Rice Company alone appeals. Reversed and remanded, with instructions.

Andrews, Streetman, Logue & Mobley, E. J. Fountain, Jr., and S. J. Thomas, all of Houston, for appellant.

LANE, J. This suit was instituted by appellee J. A. Broussard in the justice court of precinct No. 6 of Chambers county, against appellant Standard Rice Company and appellee J. C. Jackson, to recover the sum of $120.99. The rice company in due time filed and presented its plea of privilege to be sued in Harris county, the county of its residence, which was by the justice overruled, and upon a hearing upon the merits judgment was rendered in favor of Broussard against both the rice company and Jackson for the sum sued for, and judgment was also rendered in favor of Jackson over against the rice company for the same sum. The cause was carried by appeal to the county court of Chambers county, and, after said plea of privilege was again overruled, a like judgment as that rendered in the justice court was again rendered. The rice company alone has appealed, and it only has filed briefs in this court.

[1] It is provided by rule 41 for the Courts of Civil Appeals (142 S. W. xiv) that—

"Whatever of the statement of the appellant * * * in his brief is not contested will be considered as acquiesced in."

We shall therefore accept the statement so made by appellant in this case. Blue v. Conner, 219 S. W. 533.

[2] By appellant's first assignment it is insisted that the trial court erred in overruling appellant's plea of privilege. The assignment is sustained. It is shown that appellant filed and presented his plea of privilege in manner and form as required by law, and in due time, to the trial court. It is also shown that appellee filed his controverting affidavit as follows:

"Now comes the plaintiff and files this his controverting affidavit to the plea of privilege filed herein by the Standard Rice Company to remove the venue of this case to Harris county, Texas, and, being duly sworn, deposes and says: That this is a suit wherein there are defendants residing in different counties, to wit, that the defendant J. C. Jackson resides in Chambers county, Texas, and the defendant Standard Rice Company resides in Harris county, Texas; that it is a bona fide case against both of said parties, and plaintiff is entitled to sue in either of said counties. Plaintiff further says that this is a suit against the Standard Rice Company, a private corporation duly organized under the laws of Texas, and that the cause of action sued on herein arose in Chambers county, Texas, or that a part of same arose in Chambers county, Texas."

Without hearing any evidence in support of the controverting affidavit, the court overruled appellant's plea of privilege and proceeded to the trial of the cause on its merits. This action of the court was error, for which the judgment rendered should be reversed. Article 1903 of Revised Civil Statutes, as amended by Act of the Legislature of April 2, 1917, Acts 1917, p. 388 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]; Ray v. Kimball Co., 207 S. W. 351; Brooks v. Elevator Co., 211 S. W. 288; Harris v. Moller, 207 S. W. 961, and authorities therein cited; Cloyd v. Sacra, 175 S. W. 456.

The matters and things alleged in the controverting affidavit, by which the plea of privilege of the rice company is sought to be defeated, are: First, that the suit of plaintiff was against the rice company and J. C. Jackson jointly, and that the defendant Jack-

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

son was and is a resident of Chambers county, where the suit was brought; and, second, that the defendant rice company is a private corporation, chartered under the laws of Texas, and that the cause of action sued upon, or a part thereof, arose in Chambers county, where the suit was brought.

By article 1903, supra, it is provided that the plea of privilege, in manner and form as required by that article, shall be prima facie proof of the matters therein alleged. It is well settled that to defeat such plea the burden is upon the plaintiff to make proof of the matters and things alleged in his controverting affidavit, and as no proof whatever was offered in support of the controverting affidavit the plea of privilege should have been sustained. See authorities cited above.

It is apparent from what has been said that we think the trial court should have sustained the plea of privilege. It follows, from the conclusions herein stated, that the judgment of the trial court should be reversed, and that judgment be here rendered directing the transfer of the cause to the proper court of Harris county, Tex., for trial; and it is so ordered.

Reversed and remanded, with instructions.