## EYRES et al. v. CROCKETT STATE BANK.
### (No. 7929.)

(Court of Civil Appeals of Texas. Galveston. May 31, 1920.)

**1. Venue ⬅7 — Overruling plea of privilege in suit on injunction bond filed in another county held error.**

In an action brought in Houston county on an injunction bond filed in suit in Travis county, where there was no showing that the bond was payable in Houston county, and it was not shown that it was payable therein as a matter of law, it was error to overrule defendant's plea of privilege to be sued in Travis county.

**2. Pleading ⬅111—Plea of privilege is prima facie proof of right to change.**

Pleas of privilege under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, are prima facie proof of defendants' right to change venue, and the verified controverting plea joins the issue, and the burden is upon plaintiff to show that the trial court had jurisdiction of the defendant, and in the absence of such proof plea should prevail.

Appeal from Houston County Court; Nat Patton, Judge.

Suit by the Crockett State Bank against W. G. Eyres and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded, with instructions.

Albert S. Phelps and Thelbert Martin, both of Austin, for appellants.

John I. Moore, of Crockett, for appellee.

LANE, J. This is an appeal from a judgment of the county court of Houston county overruling the plea of privilege of W. G. Eyres and his sureties on an injunction bond.

That the opinion to follow may be clearly understood, we deem it advisable to make the following statement:

On the 17th day of March, 1917, the appellee, the Crockett State Bank, recovered a judgment in the county court of Houston county against Steve Beasley and wife, S. T. Beasley, foreclosing a mortgage lien upon certain personal property situated in Travis county, Tex. After the rendition of such judgment an order of sale of said property was issued thereupon and placed in the hands of George S. Matthews, sheriff of Travis county, who seized said property by virtue of said order, and advertised the same for sale. W. G. Eyres, claiming to be the owner of said property, sued out a writ of injunction in the county court of Travis county to restrain the sale of the property, and executed a statutory injunction bond with E. J. Nalle, James Waterston, and Lawrence Olsen as sureties conditioned that the said W. G. Eyres "will abide the decision which may be made thereon and pay all sums of money and costs that may be adjudged against him, if the injunction granted in said suit be dissolved in whole or in part." This injunction was placed in the hands of an officer of Travis county, who served the same upon the adverse parties and returned the same with his return thereon to the county court of Travis county. This injunction suit so filed in the county court of Travis county was there tried, and judgment was rendered therein in favor of W. G. Eyres, perpetuating such injunction and for costs of suit. George S. Matthews appealed from such judgment to the Court of Civil Appeals for the Third District of Texas, at Austin. Upon hearing of such appeal the Court of Civil Appeals reversed the judgment and dismissed the cause.

On the 8th day of May, 1919, the Crockett State Bank brought suit upon the bond in the county court of Houston county against W. G. Eyres and the sureties upon the injunction bond. After Eyres and his bondsmen had been served with citation, they, and each of them, filed their several pleas of privilege to be sued in the county of their residence; said pleas being in manner and form as required by law, being properly verified.

The plaintiff, the Crockett State Bank, filed its controverting affidavit as follows:

"Now at this term of the court comes the plaintiff, the Crockett State Bank, and controverts the pleas of privilege filed in the above-

styled cause by the defendants, W. G. Eyres, Edgar J. Nalle, James Waterston, and Lawrence Olsen, to be sued in Travis county, Tex., and says this court has jurisdiction over the person of each of the defendants and ought to maintain the same for the following reasons, to wit: The plaintiff has a judgment in the county court of Houston county, Tex., against Steve Beasley and wife, Mrs. Steve Beasley, with foreclosure on certain personal property situated in Travis county, Tex.; that an order of sale for said property was issued out of the said county court of Houston county, directed to the sheriff or any constable of Travis county, directing the sale of said property, and was placed in the hands of George Matthews, sheriff, as aforesaid, for execution; that thereupon the defendant W. G. Eyres sued out a writ of injunction before the court of Travis county, Tex., and executed a bond for injunction with Edgar J. Nalle, James Waterston, and Lawrence Olsen as sureties, payable to the plaintiff herein in the sum of $500; that through the advice of the defendants, and their attorneys, such writ was made returnable to the county court of Travis county, when in truth and in fact the law is that such writ and bond should have been made returnable to the county court of Houston county, and this was well known to the defendants and their attorneys, or by the exercise of ordinary diligence could have been ascertained. The Court of Civil Appeals having held in such suit that all papers were, or should have been, returned to this court, the injunction bond being one of the principal papers in such suit, and this suit being a suit on such injunction bond, this court has jurisdiction, and not the court in Travis county.

"Wherefore plaintiff prays this court should maintain jurisdiction over the person of each of the defendants herein, for which the plaintiff prays judgment of the court."

On the 5th day of November, 1919, Nat Patton, county judge of Houston county, without hearing any evidence in support of the controverting affidavit, rendered and caused to be entered the following judgment:

"The Crockett State Bank v. W. G. Eyres et al. No. 1570.

"And now, on this 5th day of November, A. D. 1919, at a regular term of this court, comes the parties plaintiff and defendants in the above entitled and numbered cause, in person and by their attorneys, and thereupon came on to be heard the pleas of privilege of the defendants, which had been continued to this day without prejudice, and it appearing to the court that the pleas are not well taken and should be overruled, it is therefore ordered and adjudged by the court that said pleas of privilege of said defendants, and each of them, be and the same are hereby overruled, to which action of the court the defendants, and each of them, in open court except, and give notice of appeal to the Court of Civil Appeals at Galveston, First District of Texas.

"Entered, Nat Patton, County Judge."

From this judgment all the defendants have appealed and assign the action of the court in overruling their pleas of privilege as error.

[1] We think the court erred in overruling the pleas of privilege. As stated, the suit of the plaintiff was founded upon an injunction bond filed in a suit brought in the county court of Travis county, which was on appeal dismissed by the Court of Civil Appeals for the Third Supreme Judicial District. What was thereafter done with the bond or what became of it is not shown by the record. There is no showing that such bond was payable in Houston county, and we are not prepared from the facts before us to hold that it was so payable. Nor are we prepared to hold that the bond would, as a matter of law, give plaintiff the right to maintain its suit in Houston county over the pleas of privilege of the defendants, but, to the contrary, we think it would not do so. Lindheim & Bro. v. Muschamp, 72 Tex. 33, 12 S. W. 125; Cohen v. Munson, 59 Tex. 237.

[2] It has been uniformly held by the courts that pleas of privilege in manner and form as required by Acts 35th Leg. p. 388, now article 1903, Vernon's Ann. Civil Statutes, Supp. 1918, is prima facie proof of the defendant's right to a change of venue, and that the verified controverting plea of the plaintiff merely joins or invokes the issue, and the burden is upon the plaintiff to show that the trial court had jurisdiction over the person of the defendant, and that, in the absence of such proof, the plea of privilege should prevail. Ray v. Kimball, 207 S. W. 351; Brooks v. Wichita Mills Co., 211 S. W. 288; Witt & Sons v. Stith, 212 S. W. 673; Bledsoe v. Barber, 220 S. W. 369.

Having reached the conclusion that the trial court, under the state of the record, should have sustained the pleas of privilege and transferred the cause to the county court of Travis county for trial on its merits, we reverse the judgment rendered, and remand the cause, with instructions to the trial court to transfer the cause to the county court of Travis county for trial.

Reversed and remanded, with instructions.