**WATSON v. WATSON et al.  (No. 9494.)**

(Court of Civil Appeals of Texas. Ft. Worth. June 19, 1920.)

**Pleading ⬅111—Plaintiff has burden of proof on filing of plea of privilege.**

A defendant, in suit, brought in T. county, in form to partition land in P. county, filing a plea of privilege, in due form and verified, under Rev. St. art. 1903, as amended by Acts 35th Leg. (1917) c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), to be sued in P. county, where he resided, plaintiff must not only contest the plea by controverting affidavit, but support the contest by proof, though the plea made the unnecessary averment of false and fraudulent allegation in the petition that the suit was one for partition only, and hence that T. county court had jurisdiction.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Kate Watson against F. M. Watson and others. From a judgment overruling the plea of privilege of the named defendant, he appeals. Reversed, and remanded, with instruction.

I. W. Stephens, of Ft. Worth, for appellant.

Elmer Johns and McLean, Scott & McLean, all of Ft. Worth, for appellee.

BUCK, J. Mrs. Kate Watson filed suit in the district court of Tarrant county against her former husband, F. M. Watson, and W. P. McLean, Sr., W. P. McLean, Jr., and Walter B. Scott, alleging that she and defendant F. M. Watson were the joint owners of some 20,000 acres of land situated in Palo Pinto county, and other valuable lands situated in other counties of Texas, and certain personal property. She alleged that the defendants McLean, Scott, and McLean owned one-eighth of said property, plaintiff three-eighths, and F. M. Watson owned four-eighths; that defendant Watson was denying her the right to participate in the use, management, and possession of said property and the revenues therefrom. Wherefore she prayed that a receiver be appointed to take possession of said property, and that upon final hearing the property be partitioned, and that she be awarded her due proportion.

Defendant Watson filed his plea of privilege to be sued in Palo Pinto county, where he resided. The plea is in proper form as a plea of privilege, under article 1903, as amended by the Thirty-Fifth Legislature (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), and contained the further allegation that the suit was not in fact a suit for partition, but that the plaintiff and the other defendants had fraudulently conspired to bring this suit in the form of a suit for partition, while in fact it was a suit to try the title to lands and other property located in Palo Pinto county, and that by reason of a "pretended conveyance" to McLean, Scott, and McLean of a part of said property the plaintiff and the other defendants were attempting to confer jurisdiction over the controversy upon the district court of Tarrant county, while in truth and in fact, under the general law and under section 14 of article 1830, V. S. Tex. Civ. Stats., the jurisdiction of said suit was in the district court of Palo Pinto county. The plea was duly verified. Plaintiff filed her controverting affidavit, denying the allegations contained in defendant Watson's

plea, but introduced no proof sustaining the jurisdiction of the Tarrant county court. From a judgment overruling the plea of privilege, defendant Watson has appealed.

The plea of privilege being in due form and verified, it was incumbent on plaintiff, not only to contest it by controverting affidavit, but to support the contest by proof. Ray v. Kimball Co., 207 S. W. 351. Though in the present case the plea did allege the fraudulent and false allegation in plaintiff's petition that the suit was one for partition only, and hence that the Tarrant county court had jurisdiction, under article 1830, § 13, yet it seems that such allegation or averment is not necessary to make such plea good, and that, unless evidence to the contrary was offered by the plaintiff, the plea of privilege being in due form, the trial court should have sustained said plea. Hilliard Bros. v. Wilson, 76 Tex. 183, 13 S. W. 25; Railway Co. v. Childs, 40 S. W. 41; Coal Co. v. Luna, 144 S. W. 723; Weller v. Guajardo, 174 S. W. 673; Holmes v. Coalson, 178 S. W. 635; Gensberg v. Neely, 187 S. W. 247; Bank v. Gates, 213 S. W. 723; Brooks v. Wichita M. & E. Co., 211 S. W. 288; Witt & Sons v. Stith, 212 S. W. 673; Masterson v. O'Fiel, 219 S. W. 1117; Supply Co. v. Oil Co., 219 S. W. 838; Bledsoe v. Barber, 220 S. W. 369. Under these authorities it is evident that, in the absence of proof tending to support the jurisdiction of the Tarrant county court, the trial court erred in overruling said plea.

Hence the judgment below will be reversed, and the cause remanded, with instruction to transfer the cause to the district court of Palo Pinto county.