GREEN v. PARTIN. (No. 717.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 27, 1921.)

1. Venue 8—Fraud of seller held to have occurred in county of his residence.

Where all details of proposed purchase of land were had in Rusk county, and a check was drawn and delivered to a third person in such county to guarantee the carrying out of the sale of land in such county, and the seller of the land fraudulently obtained possession of the check in such county and cashed it at a bank therein, and such bank sent the check to a bank in another county, where purchaser resided, for collection, a plea of privilege by the defendant should have been sustained in action brought by the purchaser in the county of his residence to recover the amount of the check, the fraud, if any, occurring in the county where the check was obtained and cashed by the defendant, under Rev. St. arts. 1830, 1903, 2308.

2. Pleading 111—Facts relied on to show exception to venue statute in county of defendant's residence must be proven.

Where the jurisdiction of the person of a defendant is claimed under some exception to the general statute of venue, and he pleads the privilege of being sued in the county of his domicile, to deprive him of that right the facts relied on should be not only alleged, but also proven, under Rev. St. arts. 1830, 1903, and 2308.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Suit by C. J. Partin against Early Green. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions.

James Gray, of Henderson, and S. M. Adams, of Nacogdoches, for appellant.
Bates & Bates, of Nacogdoches, for appellee.

O'QUINN, J. C. J. Partin sued Early Green in the county court of Nacogdoches county for $300. The suit grew out of a land trade made by the parties at Pyrtle, in Rusk county, Tex., in which Partin, who lived in Nacogdoches county, entered into an agreement with Green, who lived in Rusk county, to purchase from Green 91.1 acres of land situated in Rusk county for $1,838, to be paid therefor if Partin exercised his option to buy on or before December 1, 1919, and each of said parties put up his check as earnest money with one W. H. Whittington of Pyrtle, Rusk county, in the sum of $300,

to guarantee the carrying out of the contract of sale. Partin executed his check for $300 on a bank at Nacogdoches, and delivered same to said Whittington to be held by him until December 1, 1919, or until said contract was carried out, but to be returned to him if Green should fail or refuse to fulfill his part of the contract.

Partin alleged that on October 30, 1919, the defendant, Green, fraudulently obtained possession of said check and cashed same, and appropriated the proceeds thereof to his own use. Defendant, Green, duly filed his plea of privilege to be sued in the county of his residence, Rusk county, which plaintiff controverted as follows:

(1) "That the said plea of privilege filed by the plaintiff herein ought not to be considered by the court, in that the transaction upon which this suit is based is one of fraud, the fraud having been perpetrated in Nacogdoches county, Tex., by the defendant, who, after having fraudulently obtained a check drawn by the plaintiff on his account in the Stone Fort National Bank of Nacogdoches, Tex., presented said check to the said bank at its place of business in the city of Nacogdoches for collection, which the said bank then and there paid to the defendant, who then and there fraudulently converted said check and the proceeds therefrom, which was the property of plaintiff, to his, the defendant's, own use and benefit."

(2) "That said plea of privilege is not one based upon facts that would allow the transfer of this case under article 1903 of the Revised Statutes, in that this cause is one based upon fraud, and is an exception to the statute of exclusive venue in the county of one's residence mentioned in articles 1830 and 2308; that said fraud was perpetrated in Nacogdoches county, Tex., by said defendant fraudulently presenting and cashing said check at the Stone Fort National Bank in the city of Nacogdoches, and appropriating the proceeds therefrom to his own use and benefit, and the venue of said cause is governed by the rule under subdivision 7 of article 1830, Revised Statutes."

The court, after hearing the evidence submitted by the parties, overruled said plea of privilege, to which action of the court defendant excepted, and has appealed to this court.

Plaintiff, Partin, testified that he lived in Nacogdoches county, but in the fall of 1919 was in Rusk county prospecting for a location; that he met defendant, Green, who lived near Pyrtle in said Rusk county, and agreed with him to buy his 91.1 acres of land for $1,838. He said:

"I told him that I would buy his place on the terms stated if I made good at picking cotton in West Texas. I told him that I did not know whether or not I could buy the place before December 1st. Mr. Green stated that he could not wait that long on the deal unless he knew that I would buy the place, as that would be too late for him to secure a good renter for the next year; so I made him the proposition that if I was unable to buy the place on December 1st I would rent the same on one-third and one-fourth for the year 1920. He accepted the proposition and we went to Pyrtle, Tex., and each of us placed a $300 check, payable to the other's order, with Mr. W. H. Whittington, conditioned that in the event either failed to carry out his contract the other should receive the forfeit. This was on September 15, 1919. After putting this forfeit up with Mr. Whittington, I went to West Texas, and after I stayed out in West Texas a while I saw that I was not going to be able to buy the place, and immediately wrote Mr. Green a letter stating that I would not be able to buy the place, but that I would rent it from him, but that I did not want to knock him out of a sale of the same, and that if he got a chance to sell it I would rent me another place. * * * I wrote Mr. Green the latter part of October. * * * I thought that if he sold to some one else I would get my money back, and I did not dream that Mr. Green would cash my check. My check was given on the Stone Fort National Bank at Nacogdoches, Tex. I never gave Mr. Green any authority to cash my check. In fact, I did not know that it had been cashed until I had my bank book balanced. * * * We agreed that Mr. Whittington was to turn the forfeit over to the party entitled to it on December 1, 1919, in the event there was a forfeit. I know where the First National Bank of Henderson, Tex., is. It is located in Henderson, Rusk county, Tex. Yes, the check shows to have been indorsed October 30, 1919, by the First National Bank of Henderson, Texas, and is punctured '11—1—19,' and indorsed, 'Early Green.' * * * Mr. Green never made or offered to make me a deed to the land, and he refused to rent the same to me as contracted by him. Green presented my check on October 30, 1919, 30 days before our trade was to be carried out. The check was sent by the First National Bank of Henderson to the Stone Fort National Bank of Nacogdoches, at Nacogdoches, Tex., which bank paid said check November 1, 1919, to the First National Bank of Henderson. * * * I never met Mr. Green until this transaction, nor had I ever seen Mr. Whittington that I know of until the morning that we went in his store at Pyrtle and left the checks with him."

It was also shown by the testimony of one B. L. Wise, who witnessed the check, and W. H. Whittington that the checks given by each party to the proposed deal were drawn at Pyrtle, in Rusk county, and left with Whittington, who was a merchant at Pyrtle. Whittington further testified that when Green presented to him the communication from Partin to Green, stating that he (Partin) would not be able to purchase the land, he (Whittington) delivered Partin's check to Green. Defendant, Green, testified that he lived in Rusk county, Tex., and so resided on September 15, 1919, when the contract was made, and continuously up to the time of the trial of the case.

[1] It is thus seen, from the plaintiff's own testimony, that all the details of the proposed purchase were had in Rusk county, Tex., and that the check was drawn and delivered to

Whittington in Rusk county and delivered by Whittington to Green in Rusk county, and that Green cashed the check at the First National Bank of Henderson, in Rusk county, and that said bank sent the check to the Stone Fort National Bank at Nacogdoches for collection, where same was paid to the First National Bank of Henderson. None of these things, other than the paying of the check by the Stone Fort National Bank of Nacogdoches, to the First National Bank of Henderson, took place in Nacogdoches county, and if there was any fraud on the part of Green in securing the possession of the check from Whittington at Pyrtle or in cashing same, it also took place in Rusk county, as it does not appear from the record that Green was ever in his life in Nacogdoches county.

[2] The evidence in the case does not support the allegations of plaintiff in controverting defendant's plea of privilege. The right to maintain a suit in a county other than that in which the statute fixes the venue must depend upon the existence of the facts which constitute an exception to the statute, and not upon the mere averment of such facts. Where the jurisdiction of the person of a defendant is claimed under some exception to the general statute of venue, and he pleads the privilege of being sued in the county of his domicile, as provided by that statute, to deprive him of that right the facts relied on should be not only alleged, but also proven.

The court erred in overruling defendant's plea to the jurisdiction. Same should have been sustained, and the cause transferred to the county court of Rusk county, and we will here reverse the judgment and remand the case, with instructions to the trial court to transfer this cause to the county court of Rusk county, Tex.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes