### ALLEN et al. v. WILLIAMS et al.*
### (No. 1426.)

(Court of Civil Appeals of Texas. El Paso. March 1, 1923. Rehearing Denied March 22, 1923.)

1. Pleading ⬡111—In absence of evidence supporting a controverting affidavit, plea of privilege must be sustained.

Where a sworn plea of privilege seeking a change of venue and a controverting affidavit, to which exceptions are taken, have been filed, the issue is joined by the sworn pleas, and, if no evidence is introduced to sustain the controverting plea, the plea of privilege must be sustained, since under the statute such plea is prima facie proof of the right to a change of venue.

On Motion for Rehearing.

2. Appeal and error ⬡1177(7)—Where evidence in support of controverting affidavit not offered through mistake, cause should be remanded with opportunity to offer.

Where a plea of privilege and a controverting affidavit have been erroneously disposed of without taking evidence, by denying the change of venue through the mistaken belief that it was not necessary to take evidence, rather than through refusal or failure, without excuse, to offer evidence, the case should be remanded with an opportunity of disposing of the issue upon its merits rather than with a peremptory instruction to transfer the venue.

Error from District Court, Glasscock County; Chas. Gibbs, Judge.

Action by Josie Williams and others against J. A. Allen and others. A plea of privilege was overruled, and defendants bring error. Reversed and remanded, with directions.

Upton & Upton and W. A. Anderson, all of San Angelo, for plaintiffs in error.

Jno. B. Littler, of Big Spring, for defendants in error.

HIGGINS, J. [1] Defendants in error brought this suit in the district court of Glasscock county. Plaintiffs in error filed plea of privilege in statutory form to be sued in Tom Green county, where they resided. Controverting affidavit was filed by defendants in error, and exceptions to this affidavit were filed by one of the plaintiffs in error. The plea of privilege was overruled.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 2, 1923.

It is agreed by defendants in error:

"That the plea of privilege was disposed of on the record, that is, the plea of privilege filed by the defendants, controverting affidavit of the plaintiffs and exception filed by defendants, and that no testimony, oral or written, was otherwise offered."

In Ray v. Kimball Co. (Tex. Civ. App.) 207 S. W. 351, it is said:

"The statute above noted makes the sworn plea of the defendants prima facie proof of the right to a change of venue, but does not make the controverting affidavit of plaintiff proof of anything. The issue having been joined by the sworn pleas of defendants and plaintiff, the duty of the court to hear such issue is invoked. If no evidence is introduced to show that the facts alleged in the controverting plea are true, then the court is required to sustain the plea of privilege."

Other cases to the same effect are as follows: Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 369; Watson v. Watson (Tex. Civ. App.) 223 S. W. 699; Eyres et al. v. Crockett State Bank (Tex. Civ. App.) 223 S. W. 269; Standard Rice Co. v. Broussard et al. (Tex. Civ. App.) 223 S. W. 323; Sargent v. Wright (Tex. Civ. App.) 230 S. W. 781; Green v. Partin (Tex. Civ. App.) 235 S. W. 646.

There having been no evidence adduced by defendants in error in support of the controverting affidavit, the plea of privilege should have been sustained.

Reversed and remanded, with instructions to hear the evidence upon the controverting affidavit and to transfer the venue to Tom Green county unless the controverting affidavit be sustained by the evidence.

### On Rehearing.

[2] Plaintiffs in error insist that this reversal should be accompanied by peremptory instructions to transfer the venue to Tom Green county.

Such is ordinarily the proper practice, but it is not mandatory in all cases. The issues upon the plea of privilege had been properly joined, and it is apparent that the court acted upon the assumption that the plea could be disposed of upon the pleadings alone, and that it was unnecessary to hear any evidence. The evidence not having been developed, though the issue was properly joined, we are of the opinion that the cause should be remanded, and an opportunity afforded of disposing of the issue upon its merits. Perkins v. Texas Bank & Trust Co. (Tex. Civ. App.) 230 S. W. 736. Such would not be the proper practice, of course, had defendants in error, without excuse, failed or refused to offer evidence in support of their controverting affidavit.