C. H. ROBINSON CO. v. LARUE & BAR-
RON CO.   (No. 995.)

(Court of Civil Appeals of Texas.   Beaumont.
June 12, 1923.)

**1. Pleading ☞111—Plea of privilege places
burden on plaintiff to sustain venue laid.**

The plea of privilege of a corporation is prima facie proof of its right to be sued in the county of its domicile, and it is incumbent upon plaintiff to sustain, by evidence, the venue in the county in which suit is brought.

**2. Venue ☞7—Evidence held to sustain venue
as laid.**

In action by purchaser of produce to recover damages because of inferior quality of the goods sold, evidence that shipment was to be delivered to plaintiff in H. county, subject to inspection, and that draft attached to the bill of lading was to be forwarded to a bank in such county for collection, *held* to sustain venue as laid in such county against defendant's plea of privilege to be sued in the county of its corporate domicile.

Appeal from Henderson County Court; Joe A. Johnson, Judge.

Action by the Larue & Barron Company against the C. H. Robinson Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Frank A. Ogilvie, of Fort Worth, for appellant.

W. J. Garrett, of Athens, for appellee.

HIGHTOWER, C. J. The appellee sued the appellant in the county court of Henderson county to recover $326 as damages claimed to have been sustained in the purchase by it from appellant of a mixed car of potatoes, cabbage, and onions. Appellant filed a plea of privilege to be sued in the county of its domicile, which was controverted by appellee, and upon hearing the plea was overruled, and this is an appeal from that judgment.

Appellee is a corporation having its domicile in Athens, in Henderson county, and appellant is a joint-stock association whose domicile is in Forth Worth, Tarrant county.

For cause of action appellee alleged, in substance, that in September, 1921, appellant contracted to sell and deliver to appellee, at Athens, in Henderson county, a mixed carload of potatoes, cabbage, and onions in good marketable condition; that the produce was to be shipped under a bill of lading with draft attached for the purchase price, which was to be sent to the Athens National Bank for payment; that the shipment was so made; and that when the car reached Athens, appellee, before inspecting the produce, paid the draft to the Athens Bank, but that when the car was opened it was found that much of the produce was rotten and decaying and was worthless to the extent of $326.

[1, 2] Appellant's brief presents but one assignment of error, under which is presented the proposition that its plea of privilege was prima facie proof of its right to be sued in the county of its domicile, and that it was incumbent upon appellee to sustain by evidence the venue in Henderson county; and in this connection appellant contends that ap-

pellee failed to so sustain the venue. Appellant's proposition is correct. Clarke v. Taylor (Tex. Civ. App.) 223 S. W. 878; Eyres v. Crockett (Tex. Civ. App.) 223 S. W. 268. But we cannot agree with appellant in the contention that the evidence adduced was not sufficient to sustain the venue as laid. The evidence was sufficient to show that this car of produce was to be delivered by appellant to appellee at Athens, in Henderson county, and that it was to be subject to appellee's inspection before acceptance, and that there was to be attached to the bill of lading a draft for the purchase price, which was to be sent to the bank at Athens for collection. And the evidence was sufficient to show that the shipment moved according to such understanding of the parties, and that appellee paid the draft, which was attached to the bill of lading, to the bank at Athens. True, Mr. Barron, for appellee, testified that the draft might have been paid through some other bank, but it was his best recollection that it was paid through the Athens Bank, and appellant offered no evidence to the contrary. We think that these facts were sufficient to sustain the venue in Henderson county under both section 24 and section 28 of article 1830, Revised Statutes.

It is ordered that the judgment be affirmed.