### RUSSELL GRADER MFG. CO. OF TEXAS, Inc., v. McMILLIN. (No. 9364.)

(Court of Civil Appeals of Texas. Dallas. April 11, 1925.)

**1. Pleading ⟨key⟩111—Court must order transfer to proper county unless plea of privilege is contested in statutory manner and time.**

Filing of plea of privilege in compliance with statute establishes prima facie right to change of venue, and, unless plea is contested in statutory manner and time, court must order case transferred to proper county.

**2. Pleading ⟨key⟩111—Plaintiff contesting plea of privilege must prove facts relied on.**

Plaintiff contesting plea of privilege must not only file timely contest under oath specifically setting out facts relied on to maintain venue, but must establish such facts by evidence.

**3. Pleading ⟨key⟩111—Evidence held not to establish venue of action against agent for money misappropriated in county of plaintiff's domicile.**

That defendant, as plaintiff's agent, collected money from county and appropriated part to his own use, *held* to constitute good cause of action, but not to establish venue in county of plaintiff's domicile under subsequently executed written contract obligating defendant to pay plaintiff at its office in such county.

**4. Venue ⟨key⟩22(3)—Venue of action against nonresident agent and resident surety company for misappropriation of funds before execution of bond not maintainable in county of agent's residence.**

As it must be shown, at least prima facie, that resident defendant is necessary or proper party to suit, in order to maintain venue against out of county defendant, venue of joint action against nonresident defendant and resident surety company for misappropriation of funds by former as plaintiff's agent before execution of surety bond cannot be maintained in county of agent's residence over his protest, under Rev. St. art. 1830, subd. 4.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the Russell Grader Manufacturing Company of Texas, Inc., against W. E. McMillin and another. From order sustaining plea of privilege, plaintiff appeals. Affirmed.

Jacks & Hurt, of Dallas, for appellant.

Woods, King & John, of Houston, and Miller & Godfrey, of Dallas, for appellees.

LOONEY, J. This appeal is from an order of the court below sustaining a plea of privilege. Appellant, Russell Grader Manufacturing Company of Texas, a domestic corporation, having its principal office in the city of Dallas, brought suit against W. E. McMillin, a resident citizen of Liberty county, Tex., and the American Surety Company, a New York corporation, doing business in this state, and having a branch office in Dallas county.

The suit is to recover from the defendants, jointly and severally, the sum of $1,336.98, based substantially on the allegations that on September 12, 1919, appellee McMillin, agent of appellant, collected from Liberty county, Tex., the sum of $2,552.98 owing appellant by the county for goods, wares, and merchandise; that on the 15th day of September, 1919, appellee remitted to appellant the sum of $1,000, retaining in his possession and converting to his use the remainder, to wit, the sum of $1,552.98; that appellant was ignorant of the fact that appellee had collected and appropriated the money to his use until October 30, 1922, and thereupon demanded the money, which appellee refused to pay, and for the recovery of which, less a credit of $216 to which appellee was entitled, this suit was instituted.

It was further alleged that on September 1, 1922, appellant and appellee entered into a written contract, by virtue of which appellee was to represent appellant as salesman in a certain region of Texas, including Liberty county, which contained, among other provisions, the following, to wit: That appellee should instruct all customers to make remittances direct to appellant at its main office in Dallas, and that if any payments should be made to appellee, or if he should receive any money belonging to appellant, it was made his duty to promptly forward the same to appellant at its main office in Dallas. It was further alleged that on September 21, 1922, appellee, as principal, and the American Surety Company, as surety, executed in favor of appellant a bond effective on September 18, 1922, whereby they bound themselves to pay to appellant all such pecuniary loss, not exceeding $2,000, as it should sustain of money or other personal property by any act, or acts, or fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, or willful misappropriation, etc., on the part of appellee, directly or through connivance with others, while in any position or at any location in the employ of appellant.

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant urged that, in compliance with the provisions of the bond, it notified the surety company of the alleged default of appellee and demanded reimbursement; but the surety company declined to pay the indemnity; wherefore, judgment was sought against it.

Appellee filed his plea of privilege to be sued in Liberty county, the county of his residence. This plea was contested by appellant on two grounds, to wit: (1) That appellee had contracted in writing to perform the obligation sued on in Dallas county, and, by reason thereof, the cause came within the provisions of exception 5 to the venue statute; and (2) that appellant's suit was based on a joint cause of action against appellee McMillin, and the American Surety Company, the latter being a resident of Dallas county within the meaning of subdivision 4 of the venue statute.

On hearing, the court below sustained the plea of privilege and ordered the venue of the cause changed to the district court of Liberty county.

Appellant, in challenging the correctness of the judgment of the court below, insists that the case comes clearly within each of the two exceptions to article 1830 invoked in its contest.

[1] It has been so often held by the courts of this state, as to be axiomatic, that the filing of a plea of privilege in compliance with the statute establishes prima facie the right to have the venue of the case changed, and, unless the plea of privilege is contested in the manner and within the time prescribed by statute, the only authority left with the court is to order the case transferred to the proper county.

[2] It is also a thoroughly well-established rule that the contestant must not only file under oath a timely contest, setting out specifically the fact, or facts, relied upon to confer venue of the cause on the court in which it is pending, but the burden is on him to establish by evidence the fact, or facts, relied on to maintain venue and, if he fails in this, the plea must be sustained as a matter of course. Standard Rice Co. v. Broussard (Tex. Civ. App.) 223 S. W. 323; Eyres v. Crockett State Bank (Tex. Civ. App.) 223 S. W. 268; Cogdell v. Ross (Tex. Civ. App.) 243 S. W. 559; Allen v. Williams (Tex. Civ. App.) 248 S. W. 1116.

[3] From the evidence introduced on the hearing of the contest, we gather that appellant's contention is that appellee, while acting as its agent, on September 12, 1919, collected from Liberty county certain money owing by the county to it for goods, wares, and merchandise theretofore sold to the county, and that appellee retained in his possession and appropriated to his own use and benefit the sum of $1,552.98. In our opinion, these facts constitute a good cause

of action in favor of appellant against appellee, but we find nothing in the written contract between the parties that obligated appellee to pay appellant at its office in Dallas, or elsewhere, the money collected by him in September, 1919. The contract came into existence September 1, 1922, looks entirely to the future, provides only for future events, and cannot be so construed as to relate back and subject to its provisions the conduct and dealings of the parties that occurred three years before the written contract was executed. Appellant failed to show that the cause of action urged by it arose under the written contract, the terms of which are relied on to confer venue of the suit on the district court of Dallas county.

[4] Appellant's other contention is that, having a joint cause of action against appellee and the surety company, venue in the district court of Dallas county should be maintained under exception 4 to article 1830 (Rev. St.), because the surety company, a codefendant, resides in Dallas county, within the meaning of the law.

Venue of this suit cannot be maintained in Dallas county against appellee over his protest under exception 4 to the statute, unless it was made to appear on the trial of the contest that the surety company was either a necessary or proper party to the suit.

The rule seems to be well established in this state that, in order to maintain venue of a suit against an out of the county defendant on the ground that a codefendant resides in the county where the suit is pending, it must be shown, at least prima facie, that the resident defendant is either a necessary or proper party to the suit, and, as the rule applies to this case, it should appear, at least prima facie, that the surety company is liable for the alleged default of McMillin. First Natl. Bank v. Gates (Tex. Civ. App.) 213 S. W. 720; Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 369; Danciger v. Smith (Tex. Civ. App.) 229 S. W. 909; First Natl. Bank v. Bulls (Tex. Civ. App.) 243 S. W. 577; Richardson v. Cage Co. (Tex. Com. App.) 252 S. W. 749.

Has this been shown? We think not. How can it be said that the surety company incurred liability under the bond for an alleged default of appellee that occurred three years prior to its execution? The question answers itself.

Therefore appellant's first contention is overruled, because it was not shown that, in September, 1919, there existed a written contract between the parties binding appellee to pay to appellant in Dallas county money collected by him for or on its behalf. And its second contention is overruled, because it was not shown that the cause of action sued on is joint against both defendants; in fact,

it conclusively appears from the evidence that the resident defendant, the surety company, is neither a proper nor a necessary party to any suit by appellant against appellee for the recovery of money alleged to have been collected and converted in September, 1919.

These conclusions render it unnecessary for the court to pass on the other question, that is, whether the surety company, a New York corporation doing business under permit and maintaining a branch office and agency at Dallas, resides in Dallas county within the meaning of exception No. 4 to the venue statute. This is an interesting question, and, if the decision hung upon it, we would be inclined to hold that no good reason exists why a corporation, just as an individual, may not acquire more than one place of residence. On this point it was pertinently said in an English case that—

"A company cannot eat or sleep but it can keep house and do business. We ought, therefore, to see where it really keeps house and does business. An individual may be of foreign nationality and yet reside in the United Kingdom; so may a company." De Beers Consol. Mines v. Howe (1906) A. C. 455–458.

The general rule, which at least is a fiction, that a corporation cannot migrate but is to be considered a dweller in the state of its creation, must be disregarded for many practical purposes when the corporation goes into another state and there establishes an office and transacts business under the protection of its laws. A decision of this question, however, is withheld, and the judgment of the court below, for the other reasons indicated, is affirmed.

Affirmed.