## DENNIS v. HEAD et al.  (No. 189.)

(Court of Civil Appeals of Texas.  Eastland.
April 2, 1926.)

**Appeal and error** ⟷907(3)—**In absence of statement of facts, court must conclude that trial court correctly sustained plea of privilege after considering all evidence.**

In absence of statement of facts, appellate court cannot review evidence and must conclude that trial court correctly held in favor of plea of privilege after considering all evidence.

Appeal from Shackelford County Court; Richard Dyess, Judge.

Action by J. S. Dennis against L. D. Head and J. W. Head.  From the judgment sustaining the last-named defendant's plea of privilege, plaintiff appeals.  Affirmed.

M. S. Long, of Abilene, and Giles Harris, of Moran, for appellant.

S. C. Coffee, of Albany, and W. R. Saunders, of Breckenridge, for appellee.

LITTLER, J.  Appellant filed suit in the county court of Shackelford county, Tex., on the 20th day of December, 1923, against the appellee L. D. Head, seeking to recover judgment in the sum of $500.  This cause was tried to a jury on the 16th of October, 1924, and resulted in judgment in favor of the appellant against the defendant L. D. Head. Thereafter judgment was by the trial court set aside and a new trial granted.

On February 27, 1925, the appellant filed his second amended original petition in this cause making J. W. Head party defendant. The defendant J. W. Head, having been duly served with citation on April 6, 1925, filed his plea of privilege to be sued in the county of his residence, to wit: Tarrant county.  Thereafter on November 6, 1925, the appellant filed his controverting affidavit to the plea of privilege of appellee.

On November 6, 1925, the pleas of privilege filed by the appellees were by the trial court heard and sustained, to which action of the court in sustaining said plea of privilege the appellant excepted and gave notice of appeal, and the same is before this court for review.

This case is before us without any statement of facts and the only question for this court to pass upon is whether or not the court erred in sustaining the application for change of venue.

In Ray v. Kimball Co. (Tex. Civ. App.) 207 S. W. 351, the court says:

"The statute above noted [referring to the plea of privilege statute] makes the sworn plea of the defendants prima facie proof of the right to a change of venue, but does not make the controverting affidavit of plaintiff proof of anything.  The issue having been joined by the sworn pleas of defendants and plaintiff, the duty of the court to hear such issue is invoked.  If no evidence is introduced to show that the facts alleged in the controverting plea are true, then the court is required to sustain the plea of privilege."

There is no way for this court to review the evidence heard by the lower court, either in favor of the application for change of venue, or the controverting affidavit; hence we must conclude that the court took into consideration all evidence and that it correctly held in favor of the plea of privilege.  Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 369; Watson v. Watson (Tex. Civ. App.) 223 S. W. 699; Eyres et al. v. Crockett State Bank (Tex. Civ. App.) 223 S, W. 269; Standard Rice Co. v. Broussard et al. (Tex. Civ. App.) 223 S. W. 323; Sargent v. Wright (Tex. Civ. App.) 230 S. W. 781; Green v. Partin (Tex. Civ. App.) 235 S. W. 646; Allen v. Williams (Tex. Civ. App.) 248 S. W. 1116.

Judgment of the lower court affirmed.