### SOPHIA LEE LACOUR v. L. W. LEVY & CO.

Decided February 8, 1908.

**Homestead—Uses—Evidence.**

The mere fact that a lot in a city may be occasionally used for a family purpose, such as to grow vegetables, shelter live stock, or furnish water, is not enough to impress it with the homestead character. The principal use to which the lot is subjected must be looked to, and where such use is merely to bring in an income, and the family use is secondary and subordinate, the property cannot be deemed a part of the homestead. But where the conditions are reversed, and the principal use is by and for the family, a partial and occasional use for other purposes will not affect the homestead character.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*J. F. Dabney*, for appellant.

*Stevens & Pickett* and *James B. & Charles J. Stubbs*, for appellees.—The property in controversy never having been used as a home or for purposes incidental to a home, was not exempt under claim of wife as against a lien fixed on said land by husband. Levy & Co. v. Lacour, 43 Texas Civ. App., 191; Wynne v. Hudson, 66 Texas, 1; Martin Clo. Co. v. Henly, 83 Texas, 594; Rogers v. Ragland, 42 Texas, 422; Equitable Mortgage Co. v. Norton, 71 Texas, 687; Keith v. Hyndman, 57 Texas, 431; Evans v. Womack, 48 Texas, 230; Achilles v. Willis & Bro., 81 Texas, 170; Iken & Co. v. Olenick, 42 Texas, 195; Allen v. Whitaker, 18 S. W. Rep., 161; George v. Ryon, 61 S. W. Rep., 138; Peregoy v. Kottwitz, 54 Texas, 497; Andrews v. Hagadon, 54 Texas, 571; Heatherly v. Little, 21 Texas Civ. App., 665; Haswell v. Forbes, 8 Texas Civ. App., 86.

REESE, Associate Justice.—This is a second appeal of this case. The former appeal was from a judgment for appellant, plaintiff below, which was by this court reversed and the cause remanded. (43 Texas Civ. App., 191; 94 S. W. Rep., 380.) Upon this trial before the court judgment was rendered for defendants, from which the plaintiff below appeals.

As in the former appeal, the sole question for disposition is whether at the time of the execution of the deed of trust by J. V. Lacour to L. W. Levy & Co., upon the premises in controversy, said premises were a part of the homestead of Lacour and wife, Sophia Lacour, who sues herein as plaintiff to enjoin their sale under said deed of trust. A plat of the premises may be seen by reference to the opinion upon the former appeal, and the facts, except as to the use made of the property in dispute, are as stated in the former opinion. From the statement following the assignment of error in appellant's brief, which not being contested will be considered as acquiesced in (Rule 41; 94 Texas, 662), we deduce the following facts, as to the use of the premises in connection with the home.

Lacour bought the land in dispute in 1887 and fenced it in 1892. He was at that time living and has continued to live upon block 104, except for a short time during which he and his wife made their home with her mother. The land in controversy and the residence lot are both situated within the corporate limits of the town of Liberty. The lot in dispute contains twelve acres, in which J. V. Lacour owns one-half interest, and is separated from his residence lot by one street ten varas wide, a narrow block of ground and another street thirty varas wide. Since 1892 Lacour has continuously used the premises as a pasture for his horses, cows and calves, and has also used it for raising garden vegetables and corn, and has at times planted and grown some cotton, the amount of cotton so grown in proportion to the other crops is not shown. All of the crops so grown on the premises at all times have been used

for home consumption by the family, none of it having ever been sold, except the cotton. For one year during this time the premises were let to a tenant, who worked the land on shares, planting such crops as Lacour directed, the share of the landlord, except the cotton, being consumed by the family and consisting of the same kind of crops, corn, vegetables, etc., as were grown by Lacour, and after the crops were gathered in the fall the premises were used by Lacour as a pasture for his horses and cows. One year the land was rented for money rent. Part of the time, in addition to the use of the premises as a pasture for his saddle horses and milch cows and calves, Lacour kept cattle which he was buying to sell, but when such cattle were kept there, there were always also kept his domestic animals, such as milch cows, calves and horses.

It was held upon the former appeal that the evidence did not show sufficiently that the principal use of the property was in connection with the home and for the comfort and convenience of the family, citing Heatherly v. Little, 21 Texas Civ. App., 664, and Blum v. Rogers, 78 Texas, 530. In the Heatherly case the judgment was reversed for error in a charge which authorized the jury to find that the property was homestead, if the uses to which it was put in connection with the home, were only casual, which was held to be error. In Blum v. Rogers the facts are altogether different from what we find them to be in the present case. The principal use to which the property was put was to be rented to tenants for the purpose of producing an income, the only use in fact, in connection with, or for the convenience of the home, being the occasional use of a cistern on the premises claimed to be a part of the homestead, to get drinking water, and an occasional use of a small part of it for growing vegetables. The court says: "The mere fact that portions of the land may be occasionally used for a family purpose, such as to grow vegetables, to shelter live stock, or to furnish water, is not enough to shield it from sale under execution. The principal use to which they are subjected must be looked to, and where, as evidently appears in this case, the main purpose to which the property is devoted is to bring in an income, and the family use is not only secondary and subordinate, but of trivial importance, the property should no longer be deemed a part of the homestead."

We can not distinguish the present case from Axer v. Bassett (63 Texas, 548), and Anderson v. Sessions (93 Texas, 279), unless such a distinction is authorized upon the ground of the size of the piece of ground in controversy, or upon the fact of the occasional planting of an indefinite portion of it in cotton, or the occasional use of it to put cattle not kept for domestic use. In the Axer case the ground occupied by the residence property was one and a half acres in a city of 6000 inhabitants, upon which Axer had his dwelling, garden, orchard, stables, horse and cow lot, etc. One hundred yards away was the tract in question, consisting of two acres, upon which he had a pasture for his domestic animals and a rye and barley patch. The land was held to be a part of the homestead. In Anderson v. Sessions, the residence was upon a piece of ground 70x140 feet, and 1000 yards away, in a different part of the town,

was a tract of two acres, a portion of which the owner had planted in an orchard, and upon which he cultivated every year a garden, raising vegetables for the use of his family. The size of the piece of ground we do not think is sufficient to distinguish this case from those cited. There was, it is true, a use of the premises, or a portion of them, id est, for raising cotton and to keep cattle not for domestic use, inconsistent with the homestead claim, but it is clear that such uses were partial and occasional. When cotton was planted (the quantity not stated) there was also planted corn, and garden crops exclusively for family use, all of which were so used every year, and when cattle not such as were kept for domestic use were kept on the premises, there were also kept the domestic animals, and the keeping of these cattle, not domestic animals, was only occasionally and did not, to any extent, interfere with the keeping of the domestic animals in the pasture. The renting of the premises for one year for money and the working of the crops thereon one year on shares, the share of the landlord being used for home consumption (except the cotton) and the premises being used, after the crops were gathered, for pasturage for domestic animals, would not affect the homestead claim.

The facts are undisputed, and it only remains to apply to them the principles of law in such cases. We are of the opinion that they sufficiently show that the main, general and continuous uses to which the premises were put were "for the purposes of the home" within the meaning and intent of the Constitution and laws. Other uses indicated by the evidence were only partial and occasional, and in no way inconsistent with the homestead claim.

We are of the opinion that the court erred in rendering judgment for appellee, and that this judgment should be reversed and judgment here rendered for appellant perpetuating the temporary injunction, and it is so ordered.

*Reversed and rendered.*

Writ of error refused.