## CITY OF NAVASOTA et al. v. GUDGER et al.
### (No. 9018.)

(Court of Civil Appeals of Texas. Galveston. Dec. 15, 1926. Rehearing Denied Jan. 13, 1927.)

1. Appeal and error ⬤⟞770(1)—Where only one party to appeal furnishes brief, his statement of case may be accepted without examination of record (rule 39 of Rules for Courts of Civil Appeals).

Under rule 39 of Rules of Supreme Court for guidance of Courts of Civil Appeals, where brief is furnished by only one party to appeal, court may accept statement of case from such, but without examination of record.

2. Judgment ⬤⟞564(1)—Landowners held barred from enjoining construction of highway by judgment of condemnation and judgment denying injunction from which no appeals were taken.

Where facts showed that landowners were present when damages were assessed by duly appointed commissioners, and did not protest to assessment, and did not appeal from judgment decreeing condemnation nor from judgment dismissing their petition in previous injunction suit, they were barred from enjoining construction of highway on strip condemned by judgments in condemnation and injunction suits.

3. Eminent domain ⬤⟞284—One who conveyed interest in strip of land before it was condemned could not enjoin construction of highway thereon.

One who had conveyed all his interest in strip of land prior to judgment of condemnation could not enjoin construction of highway on such strip.

On Motion for Rehearing.

4. Appeal and error ⬤⟞770(1)—Where cause was advanced so that appellees had no time to file briefs answering appellants' briefs appellate court should consider record (rule 39 of Rules for Courts of Civil Appeals).

Where cause was advanced on motion of appellants, and appellants filed briefs just 5 days before cause was submitted so that appellees did not have time to file briefs in answer to appellants' briefs, Court of Civil Appeals should examine record in deciding appeal, and should not rely wholly upon presentation of case as made by appellants, in view of rule 39 of Rules of Supreme Court for guidance of Courts of Civil Appeals.

5. Eminent domain ⬤⟞191(6)—Petition for condemnation of strip of land for highway held to sufficiently describe land sought to be condemned.

Petition describing land as strip beginning at county engineer's station No. 653—96, which was shown by undisputed evidence to be on north line of Dickson street and south line of plaintiff's land, and to run thence northwesterly to county engineer's station No. 672—22, *held* to sufficiently describe strip sought to be condemned for highway.

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Grimes County; Carl T. Harper, Judge.

Action by Henry Gudger and others against the City of Navasota and another. From so much of the judgment continuing in force a part of a temporary injunction granted, defendants appeal. Reversed and rendered.

J. B. Leigh, of Navasota, for appellants.
Haynes Shannon, of Navasota, for appellees.

LANE, J. In the manner and form as required by law, special commissioners were appointed on January 19, 1926, to assess damages to accrue by reason of proposed condemnation proceedings to condemn a certain strip of land, a part of lands owned jointly by Henry Gudger, Joe Gudger, John Gudger, and William Gardner, to be used as a part of state highway No. 6, inside of the city limits of the city of Navasota; said strip being described by metes and bounds substantially as follows:

Beginning on the south line of the lands owned by the parties above named, which is described in the ·petition for condemnation, at a point where county engineer's station 653—96 is situated, then running in a northwesterly direction for a distance of 1,826 feet to the north line of the land so described to a point where county engineer's station 672—22 is situated; said strip being 80 feet wide, lying 40 feet on each side of the center line of said highway as located by the county engineer, containing 3.36 acres more or less.

The call in the petition for condemnation for the beginning point of the strip sought to be condemned is, as shown, at a point on the south line of appellees' land where county engineer's station 653—96 is located, which is shown by the undisputed evidence to be on the north line of Dickson street in the city of Navasota. If the call for the ·south line as the beginning point were unaccompanied with the further call for the county engineer's station, and had it not been shown that all of the lands of the owners through which the strip sought to be condemned ran was inclosed under one fence and extended south to Dickson street, such beginning point might be fixed by the call some 300 feet north of the north line of Dickson street, but, since the call for such point was for a point on the south line of appellees' land at said engineer's station, and it is shown by the undisputed evidence that the south line of appellees' land at that point was the same as the north line of Dickson street, and as it was shown that all the land of appellees down to Dickson street was inclosed under one fence, the petition sufficiently describes a strip of land extending south to the north line of said street.

The commissioners so appointed duly qualified on the 28th day of June, 1926, and in due 'time and manner gave due notice to Henry Gudger, Joe Gudger, John Gudger, and William Gardner, the alleged owners of the land sought to be condemned, of the time and place when and where said commissioners would meet to assess any damage such owners might suffer by reason of such condemnation proceedings. The commissioners met at the time and place aforesaid, and assessed said damages at the sum of $1,000, and required the city, at its own expense, to move the house situated on the land proposed to be condemned to some point on other parts of said owners' land as might be designated by them or their representatives, and also required the city to pay all costs of the condemnation proceedings. They duly made report of their proceedings, and thereafter, on the 2d day of August, 1926, the county court of Grimes county entered a decree, directing the city to pay to said owners the sum of $1,000 and to move the house situated on said land to other lands of said owners and to pay all costs as in said report recommended. No objections were filed by said owners to 'the report of the commissioners, though they appeared before said commissioners at the time and place fixed for assessing damages, nor did they appeal from the award of damages made, nor from the judgment of the county court above mentioned.

The city of Navasota deposited the amount of said award with the clerk of the county court, as required by law, which is still in the hands of said clerk subject to the order of said owners.

On the 13th day of August, 1926, said owners, appellees herein, with one J. M. Ackerman as their agent, presented to Carl J. Harper, judge of the district court of Grimes county, their petition praying for an injunction to restrain the taking of said strip of land and for damages; said suit being No. 9609 on the docket of said court. In their petition, they described the strip of land by a map attached to their petition as beginning on the north line of Dickson street in the city of Navasota and extending northwesterly across their land to its north boundary line, a distance of 1,826 feet.

On the same· day said petition was filed, the judge of said court granted the injunction prayed for, to remain in force until other-wise ordered.

On the 6th day of September, 1926, upon appellants' motion to dissolve the injunction granted, the court in chambers sustained a general demurrer to plaintiffs' petition praying for the injunction, and, upon the refusal of the plaintiffs to amend, their petition, in so far as it prayed for an injunction, was dismissed at the cost of the plaintiffs.

On the same day of said dismissal, Henry Gudger, Joe Gudger, John Gudger, and William Gardner, a.¹ of whom were defendants

in the condemnation proceedings and plaintiffs in cause No. 9609, joined by Edwin Gudger as an owner of an interest in the land, and J. M. Ackerman as agent for the other plaintiffs, filed the suit now under consideration by this court, complaining of the city of Navasota and O. A. Seward, Jr., county engineer of Grimes county.

The allegations upon which Henry Gudger, Joe Gudger, John Gudger, and William Gardner rely for judgment in their favor are:

"(1) That the judgment of the county court condemning the strip of land for highway purposes is void, in that the petition for condemnation does not describe the strip of land sought to be condemned; (2) that the commissioners appointed by the county judge of Grimes county, never met as provided for by law; (3) that said commissioners had an informal meeting on or about the 14th day of July, 1926; (4) that plaintiffs Henry Gudger, Joe Gudger, John Gudger, and William Gardner appeared at the time and place mentioned in the notices which were served on them; (5) that said commissioners never made these plaintiffs any direct offer for their land, and one of said commissioners made a tentative offer to plaintiffs and asked them 'if they would consider a certain sum,' etc.; (6) that, when plaintiffs informally stated that they would be unwilling to accept said amount, the said commissioners adjourned, and without seeing plaintiffs again made their report to the county judge of Grimes county; (7) that plaintiffs were given no opportunity to offer evidence as to the value of the property taken and the damages, at least the said commissioners never called on plaintiffs to offer evidence, etc.; (8) that the map or plat of said proposed road or highway shows that said road extends from a point near the intersection of the Navasota-Millican public road with the International-Great Northern Railroad to Dickson street in the city of Navasota, Tex., but the land described in said condemnation proceedings does not extend to Dickson street, but only extends to the northern boundary of the Houston & Texas Central Railroad survey or addition to the city of Navasota," which is 300 feet north of Dickson street.

"Plaintiff Edwin Gudger, adopting all of the foregoing allegations, alleges further that the said Edwin Gudger formerly owned the one-fourth interest in said tract of land now claimed by William Gardner; that the said Edwin Gudger was born in the house where he is now living and has lived in said house nearly all of his life; that after his marriage the said Edwin Gudger for a short time lived at another place, but about two years ago the said Edwin Gudger moved back to his old home and is still residing there; that the brothers of Edwin Gudger own an undivided three-fourths interest in and to the tract of land described in the condemnation proceeding, also the other tract lying south of said tract and which said tract of land is not described in the condemnation suit; that, in the opinion of Edwin Gudger, William Gardner has no interest in and to the tract or strip of land south of the tract which is described in the condemnation proceedings, and the said Edwin Gudger claims his one-fourth of said tract or strip south of the tract described in the condemnation case."

He further alleged that about two years prior to the filing of his petition his brothers, for a good consideration, gave him permission to move into the house situated on that part of the strip of land sought to be condemned, which lies south of the 154-acre tract owned by them; that, although he had disposed of his one-fourth interest in the land to Gardner, his brothers gave him the house in which he was living at the time of filing his petition and some lots lying contiguous thereto; that no notice of the purpose of condemning said strip of land was ever served upon him; that he has never been tendered or offered any compensation for said land; that, when his brothers gave him said house and contiguous lots he took possession thereof and made valuable improvements thereon; that, when he mortgaged or conveyed his interest to Gardner, Gardner had notice of the agreement that a home site was reserved to each of his three brothers, Henry, Joe, and John and himself, and that Gardner has agreed and now agrees to respect such agreement and allow him (Edwin) a home site, and that Gardner now agrees to accept his one-fourth interest in the strip of land at another place; that his home is worth $5,000; and that defendants have damaged him in that sum as a rusult of their acts in seeking to condemn said strip of land.

Edwin Gudger prays for judgment against the defendant for $5,000 and for an injunction restraining defendants, their agents, servants, and employees from entering upon any part of his land. All the plaintiffs prayed:

"That the defendants, their agents, servants, employees and representatives, be enjoined and restrained from entering and constructing, or attempting to construct and build, a road or highway upon any part or portion of the tract of land which was purchased by V. Ackerman from Houston & Texas Central Railway Company, the deed to which is recorded in volume D2, p. 525, Deed Records of Grimes County, Tex.; that, for and in behalf of the said Edwin Gudger, all defendants, their agents, servants, attorneys, employees, and representatives be enjoined and restrained from injuring, removing, or damaging any of the improvements located and situated on said land now occupied by said Edwin Gudger, and the said defendants, their agents, attorneys, servants, employees, and representatives be enjoined and restrained from entering upon the premises or molesting the said Edwin Gudger in any manner in regard to the house and homestead claimed by him; and that the said defendants, their agents, servants, employees, attorneys, and representatives be enjoined from constructing or attempting to construct said road or highway on or across any part of the land or property claimed by Edwin Gudger as his home, etc. All of the plaintiffs prayed for relief special and general, legal and equitable, etc."

On the 7th day of September, 1926, the day on which the petition was filed, the court ordered the issuance of an injunction restraining defendants, their agents, etc., from entering upon that part of the strip of land south of said 154-acre tract, it being that part of said strip upon which the house occupied by Edwin Gudger was situated, but refused to enjoin the defendants from entering upon the remaining portion of the land condemned by the county court. The injunction ordered was issued on the 14th day of September, 1926.

On the 15th day of September, 1926, defendants filed their motion to dissolve the injunction theretofore granted, and for cause of such dissolution they denied generally all the allegations of the plaintiff's petition, and specially pleading they say: (1) That the plaintiff filed no such injunction bond as required by law; (2) that they pleaded the judgments in the county court of Grimes county, condemning the strip of land for highway purposes, rendered and entered on the 2d day of August, 1926, and in cause No. 9609, rendered and entered on the 7th day of September, 1926, in bar of plaintiff's right to recover in the present suit; (3) they deny the allegations of the plaintiff that the strip of land described in the petition in the condemnation proceedings did not include a strip extending northwesterly 300 feet from Dickson street, and say that the right of way as described in the condemnation petition and in the decree rendered and entered by the county court of Grimes county in the condemnation proceedings on the 2d day of August, 1926, did include said 300-foot strip.

They specially deny that Edwin Gudger owns any part of the land in controversy, and aver that such interest as he formerly owned therein had been conveyed by him to William Gardner prior to the beginning of the condemnation proceedings and that the title to same has at all times since such conveyance been in Gardner. They also specially deny that the brothers of Edwin Gudger, or William Gardner, at any time prior to the beginning of said condemnation proceedings, gave Edwin Gudger an interest in said land or the house situated thereon.

The motion to dissolve the injunction was heard on the 5th day of October, 1926. Upon such hearing the court, as conclusions of law, found:

"That the condemnation proceedings were void as to that part of the road which is to cross the tract described in the condemnation and * * * that the condemnation of the road across the 154-acre tract described in the condemnation is sufficient and will not be disturbed."

Upon such conclusion judgment was rendered, continuing in force so much of the injunction theretofore granted as restrained the defendants from entering upon and opening a road across that tract of the plaintiffs' land lying south of the 154-acre tract, to remain in force until the next term of the district court of Grimes county, which is to convene on the 10th day of January, 1927, and until the further orders of said court; that so much of said injunction as restrained the defendants from opening the road on the 154-acre tract be dissolved.

From so much of the judgment continuing in force a part of the temporary injunction theretofore granted, the defendants have appealed. Appellants only have filed briefs in this case.

[1] By section 39 of the Rules made by the Supreme Court for the guidance of the Courts of Civil Appeals of this state it is provided that, in a cause presented on appeal upon briefs of only one party, the statements in such brief may, in the discretion of the appellate court, be regarded as a correct presentation of the case without an examination of the record. This rule has been adhered to in Maffi v. Stephens (Tex. Civ. App.) 93 S. W. 159; Wetzel v. Satterwhite, 59 Tex. Civ. App. 1, 125 S. W. 95; Lacour v. Levy, & Co., 49 Tex. Civ. App. 163, 108 S. W. 191; Standard Rice Co. v. Broussard (Tex. Civ. App.) 223 S. W. 323; Davis v. Bank (Tex. Civ. App.) 178 S. W. 593, and many other cases.

[2, 3] Following this rule, we have accepted the statement of the case as made by appellants. We find that the two tracts of land described in the petition for condemnation, out of which the strip sought to be condemned is taken, lie in one body; that it was, as it had been for a long time, inclosed under one inclosure, which extended south to Dickson street in the city of Navasota, on the north line of which street county engineer's station No. 653—96 is located; that the call in the petition for condemnation for the south line, where county engineer's station No. 633—96 is located, fixes with sufficient certainty such beginning point, and that so fixing such point, said petition sufficiently described the land sought to be condemned.

We find that commissioners were duly appointed to assess damages, that they gave due notice to Henry Gudger, Joe Gudger, John Gudger, and William Gardner of the time and place when and where they would meet to assess damages; that Henry Gudger, Joe Gudger, John Gudger, and William Gardner met the commissioners at such time and place; that the commissioners assessed the damages; that though present at the time such damages were assessed, and knowing the amount and terms thereof, neither Henry Gudger, Joe Gudger, John Gudger, nor William Gardner protested such assessment; that the commissioners made due report of their assessment; that after such report was made, the county court of Grimes county, to wit, on the 2d day of August, 1926, rendered a judgment, decreeing the

condemnation of the strip of land described in the petition for condemnation and awarded to the owners thereof the damages assessed by the commissioners; and that the sum so awarded was placed in the hands of the clerk of the court subject to the orders of the owners of the land condemned. No appeal was taken from the judgment so rendered, and it became final and is now, as it has been at all times since its rendition, in full force and effect.

We find that the judgment dismissing the suit of Henry Gudger, Joe Gudger, John Gudger, and William Gardner, No. 9609, upon the general demurrer, was not appealed from, and is now, as it has been since its rendition, in full force and effect.

We find that, prior to the time of the rendition of the judgment of condemnation of the strip of land in controversy, Edwin Gudger had conveyed all his interest in said land to William Gardner, and that at such time William Gardner was the owner of such interest, and that Edwin Gudger owned no interest therein.

Appellants insist that the court erred in granting the injunction in the present suit, in that the undisputed evidence shows that Henry Gudger, Joe Gudger, John Gudger, and William Gardner were barred from a recovery in said suit by the judgment rendered in the condemnation suit in the county court, and the judgment rendered in cause No. 9609 in the district court, pleaded by appellants, and that Edwin Gudger was not entitled to the injunction granted, in that he owned no interest in the strip of land condemned at the time the same was condemned by the judgment of the county court.

In view of the facts stated, we think both of these contentions should be sustained, and that the judgment of the trial court granting the injunction should be reversed, and that judgment should be here rendered for appellants, dissolving the injunction granted, and it is so ordered.

Reversed and rendered.

### On Motion for Rehearing.

As stated in our original opinion, appellees filed no brief in this court, and, following section 39 of Rules for the Courts of Civil Appeals, we accepted as correct the presentation of the case as made by appellants, without a thorough examination of the record, and reversed the judgment of the trial court and rendered judgment for appellants.

[4] Appellees have filed their motion for a rehearing, and thereby call our attention to the fact that this cause was advanced, upon the motion of appellants, and set for submission on December 2, 1926; that, after such setting, appellants filed their briefs on Saturday, the 27th day of November, 1926, just five days before the cause was submitted. Under such circumstances, they say that they did not have time to file briefs in answer to appellants' brief before the cause was submitted, and insist that we should have examined the record in deciding the appeal and should not have wholly relied upon the presentation of the case as made by appellants in reaching our decision; that an examination of the record and statement of facts will disclose that appellants in their brief have not fairly and correctly stated the facts proven.

We agree with appellees that under the showing made we should look to the entire record for the facts upon which our decision should rest.

We have therefore, since the filing of the motion for rehearing, examined the record and statement of facts, and find that the findings made by us in the original opinion are substantially correct. The undisputed evidence shows that appellees' inclosure extended to Dickson street and inclosed both the 12-acre tract and the 146-acre tract. Appellees admit their fence inclosed both tracts, but they dispute our finding that both tracts were one inclosure, and say that the 12-acre tract was separated from the 146-acre tract by a fence, but that such fence was down.

[5] It is further insisted by appellees in their motion, that we erred in holding that the description of the strip of land as made in the petition for condemnation and in the judgment of condemnation included a part of the 12-acre tract, the south boundary of which was the same as the north line of Dickson street in the city of Navasota.

Such contention is not sustained by the record. Both the petition and the judgment of condemnation described the land sought to be condemned as being a strip of land lying 40 feet on each side of a line beginning at county engineer's station No. 653—96, which is shown by the undisputed evidence to be on the north line of Dickson Street; to run thence northwesterly to county engineer's station No. 672—22. Can any one reasonably contend that the land so described could not be easily and readily located alone by such description? We think not, for certainly, if one should begin at the first station called for and run a line to the second station called for, such line would run through the 12-acre tract from south to north, as well as through the 146-acre tract. There is, we think, no escape from the conclusion that the land sought to be condemned was so accurately described as to enable any one to locate it on the ground.

We have reached the conclusion that we correctly decided the issues presented, and that the motion should be overruled.

Overruled.