TEXAS SUPPLY CO. v. BANKERS' & MERCHANTS' OIL CO.    (No. 8350.)

(Court of Civil Appeals of Texas. Dallas. March 6, 1920.)

PLEADING ⊜⇒111—CONTEST OF PLEA OF PRIVILEGE WITHOUT MORE HELD INSUFFICIENT TO SUSTAIN CONTESTANT'S BURDEN.

In view of Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903) providing in effect that the filing of a proper plea to be sued in one's own county shall be prima facie proof of its genuineness and shall be granted unless contested, where no other evidence than a plea of privilege and contest were submitted, the burden was upon contestant, and it was error to overrule the plea; contest without other proof not alone being sufficient to offset the plea of privilege.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by the Bankers' & Merchants' Oil Company against the Texas Supply Company. From an interlocutory order denying defendant's plea of privilege, it appeals. Reversed and remanded, with instructions.

Smith & Crawford and B. F. Pye, all of Beaumont, for appellant.

Wynne & Wynne, of Kaufman, for appellee.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

RAINEY, C. J. The following, taken from appellant's brief, we find correct, and adopt the same as our statement of the nature and result of the suit:

"This is an appeal from an interlocutory order entered by Hon. Joel R. Bond, Judge of the Eighty-Sixth judicial district court, overruling a plea of privilege filed and presented by appellant in a suit instituted in the district court of Kaufman county, Tex., by Bankers' & Merchants' Oil Company, appellee, against Texas Supply Company, appellant, claiming its privilege to be sued in the county of Jefferson, the county of its domicile. Appellee alleges in its petition, in substance, that appellant is a corporation, with its office and principal place of business in Beaumont, Jefferson county, Tex.; that it purchased from appellant certain oil well supplies, at the time receiving from appellant a list of same; that said oil well supplies were to be shipped and delivered by appellant to appellee in the town of Kaufman; that appellant was to draw a draft and attach same to a bill of lading and collect same in Kaufman, Tex.; that when said oil well supplies arrived in the town of Kaufman said appellee had to pay the bill of lading before the oil well supplies could be examined, all of which appellant well knew; that when said oil well supplies were checked they were short, and that appellant was immediately notified of the shortage, but refused to make said shortage good; that appellant thereby perpetrated a fraud upon appellee.

"Appellant duly filed its plea of privilege, claiming its right to be sued in Jefferson county, Tex., the county of its domicile, on the 1st day of the term to which it was cited to appear. Thereafter appellant filed two other pleas of privilege, which were, under leave of the court, withdrawn, and obtained leave to file an amended plea of privilege, which amended plea of privilege was filed on June 27, 1919.

"Appellant on said 27th day of June, 1919, duly presented said amended plea of privilege to the court, and appellee thereupon presented its controverting affidavit, and, there being no evidence offered or introduced, the court overruled appellant's plea of privilege as shown by the order of the court. Appellant thereupon in open court duly excepted, giving notice of appeal to this court, to which action and ruling of the court in overruling appellant's plea of privilege, without any evidence being offered, appellant duly excepted. Appellant thereafter, on July 9, 1919, duly filed a proper appeal bond, and the case is now properly before this court to review the order of the trial court in overruling appellant's plea of privilege."

Appellant contends that the court erred in overruling its plea of privilege to be sued in its own county, Jefferson, and in sustaining plaintiff's controverting affidavit, as plaintiff offered no evidence in support of the same.

The amendment of 1917 provides, in effect, that the filing of a proper plea to be sued in one's own county shall be prima facie proof of its genuineness, and, unless the same is contested, it shall be granted. In this case no evidence other than the plea of privilege and contest were submitted to the court, without any further evidence being offered or introduced. In view of this fact, the burden being upon contestant, the court should have sustained the plea of privilege, as it was the only evidence introduced, and the contest without other proof was not alone sufficient to offset the plea of privilege. Acts 35th Leg. p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903); Railway Co. v. Kimball, 207 S. W. 351; Holmes v. Coalson, 178 S. W. 629; Cloyd v. Sacra, 175 S. W. 456.

The judgment of the court below is reversed, and the cause remanded, with instructions to transfer the case to Jefferson county, Tex.