**HAYNIE BROS. v. LEA et al.** (No. 8918.)

(Court of Civil Appeals of Texas. Dallas. Nov. 10, 1923.)

**Venue ☞68—Denial of plea of privilege, in absence of evidence supporting controverting plea, held error.**

Denial of a plea of privilege, where there was no evidence offered in support of the controverting affidavit, *held* error; the plea being under the statute prima facie evidence of defendant's right, and the controverting plea being without evidenciary qualities sufficient to sustain plaintiff's burden of proof.

Appeal from Dallas County Court; T. A. Work, Judge.

Suit by W. D. Lea and others against Haynie Bros. From an order overruling defendants' plea of privilege, they appeal. Reversed and remanded, with instructions.

Wynne & Wynne, of Kaufman, for appellants.

HAMILTON, J. This is an appeal from an interlocutory order overruling a plea of privilege.

The suit was instituted by appellees against appellants and others in the county court of Dallas county, and, in response to the service of citation upon appellants, they filed their plea to the venue, which was properly verified and which in all respects in due and legal form recited their place of residence to be in Kaufman county, and that none of the exceptions to venue in the county of their residence existed. After two terms of court had passed a controverting affidavit was interposed by appellees contesting the plea of privilege.

The plea of privilege and the contest alone were presented to the court, and the plea of privilege was overruled without any evidence being heard. The statute prescribes that the plea of privilege, itself, comprehending the substance and conforming to the form prescribed, shall, within its own terms, constitute prima facie proof of the allegations contained in it, and that unless it is contested it shall be granted. The statute does not clothe the contest provided for therein with any qualities beyond those of a mere pleading upon which to base the introduction of proof, although it requires that the controverting plea be verified. This being true, the mere filing of the plea of privilege establishes prima facie its contents without any further proof, and the prima facie case thus made continues to prevail as establishment of the asserted right, unaltered by the filing of a controverting plea until proof is tendered and received to support the latter and overcome the former. In other words, the burden of proof and of procedure is upon the plain-

tiff after the contest is filed to overcome the prima facie right established by the defendant upon the mere filing of the plea in conformity with the provisions of the statute. Texas Supply Co. v. Bankers' & Merchants' Oil Co. (Tex. Civ. App.) 219 S. W. 838; Ray v. Kimball Co. (Tex. Civ. App.) 207 S. W. 351. Accordingly, since the plea of privilege itself, perforce of the terms of the statute, has the evidentiary qualities sufficient as prima facie proof of the assertions contained in it, and since no other evidence was introduced (the controverting plea being treated merely as the basis for proof rather than proof) the only evidence before the court was the plea of privilege, and therefore the court should have sustained it.

The judgment is reversed, and the cause remanded, with instructions to transfer the case to Kaufman county.