### A. B. RICHARDS MEDICINE CO., Inc., v. MULLENS. (No. 218.)

(Court of Civil Appeals of Texas. Waco. May 7, 1925.)

**1. Pleading ⬦=⬦111—Overruling plea of privilege without hearing evidence reversible error.**

Overruling plea of privilege without hearing any evidence *held* reversible error.

**2. Pleading ⬦=⬦111—Plaintiff must sustain one ground of jurisdiction set out in affidavit controverting plea of privilege.**

Burden is on plaintiff to sustain by preponderance of evidence some one of grounds of jurisdiction set out in affidavit controverting defendant's plea of privilege.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Action by B. D. Mullens against the A. B. Richards Medicine Company, Inc., and another. From an order overruling the named defendant's plea of privilege, it appeals. Reversed and remanded.

L. W. Shepperd, of Groesbeck, and C. Huggins, of Sherman, for appellant.

Rennolds & Rennolds, of Mexia, for appellee.

STANFORD, J. This suit was filed in the justice court at Mexia in Limestone county, Tex., by B. D. Mullens against A. B. Richards Medicine Company, Inc., and Whit Popejoy, sheriff of Limestone county, to recover $155.50 damages, alleged to have been sustained by plaintiff by reason of an alleged wrongful levy and sale of certain goods of plaintiff by defendant Whit Popejoy at the instance and under the direction of said defendant A. B. Richards Medicine Company. It was alleged that the defendant, the said A. B. Richards Medicine Company, was a private corporation, domiciled at Sherman in Grayson county, and that the defendant Whit Popejoy, sheriff, resided in Limestone county, Tex. Appellant A. B. Richards Med-

icine Company filed in the justice court its plea of venue, claiming its right to be sued in the county of its residence, Grayson county. This plea was in the usual form, alleging that "none of the exceptions to exclusive venue of the county of one's residence, mentioned in articles 1830 and 2308 of the Revised Statutes, exist in this cause." Appellee, plaintiff in the trial court, filed his controverting affidavit, and alleged that this is a suit against defendant having its domicile in Grayson county, Tex., and against Whit Popejoy, who resides in Limestone county, Tex., and plaintiff's said cause of action is against said two defendants, residing in different counties; and further, that plaintiff's cause of action was based upon and grew out of a fraud perpetrated upon plaintiff by defendant's agent in Limestone county; also, plaintiff's cause of action grew out of a tort committed in Limestone county; also, that defendant is a private corporation, and that plaintiff's cause of action, or a part thereof, arose in Limestone county.

The issues thus presented were heard by the justice court and the plea overruled. The A. B. Richards Medicine Company, Inc., appealed from the order of the justice court overruling its plea of venue to the county court. In the county court the issues on the question of venue were again presented, and said county court overruled said plea, from which order this appeal is prosecuted.

[1, 2] There is no statement of facts in the record, and no findings of fact and conclusions of law by the trial court. Appellant presents two assignments of error, as follows: First, the judgment of the court is contrary to the law; second, the court erred in overruling defendant's plea of privilege without hearing any evidence. And appellant presents a bill of exception which shows that the court did act on the plea of privilege without hearing any evidence. This was reversible error. Littlefield State Bank v. Moore (Tex. Civ. App.) 257 S. W. 1007; Haynie Bros. v. Lea (Tex. Civ. App.) 255 S. W. 506. The burden of proof was on appellee to sustain some one of the grounds on which he claimed jurisdiction in Limestone county, set out in his controverting affidavit, by a preponderance of the evidence, and, for the error on the part of the trial court in not requiring him to do so, we reverse and remand this cause.