## SMITH v. DANIELS. (No. 415.)

(Court of Civil Appeals of Texas. Waco. Nov. 11, 1926.)

1. **Pleading 111—Unsworn plea controverting plea of privilege held insufficient (Rev. St. 1925, art. 2007).**

Controverting plea on plea of privilege, not shown to have been sworn to by any one as required by Rev. St. 1925, art. 2007, held insufficient.

2. **Venue 15—Plaintiff held not entitled to claim venue in county of his residence because at time of filing suit for goods sold and money advanced he sued out an attachment (Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, par. 8).**

In action to recover on account for goods sold and money advanced, plaintiff held not entitled to claim venue in county of his residence because at time he filed suit he sued out an attachment as provided in Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, par. 8; such statute being inapplicable.

3. **Venue 8—Plaintiff in action on open account and for goods sold held not entitled to claim venue at county of his residence by unsupported charge of fraud in collection of money (Rev. St. 1925, art. 1995, par. 7).**

In action on open account for money advanced and merchandise sold, plaintiff held not entitled to claim venue at county of his residence by charging that defendant perpetrated fraud in collecting certain sums of money belonging to plaintiff, in view of Rev. St. 1925, art. 1995, par. 7 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, par. 7, especially where charge was not supported.

4. **Pleading 111—Filing of proper plea of privilege by defendant entitles him to change of venue, in absence of proper controverting plea by plaintiff.**

Filing of plea of privilege by defendant as required by law entitles him to have such plea sustained and cause transferred to county of his residence, in absence of a controverting verified plea by plaintiff sustained by evidence.

5. **Pleading 111—Burden of proof on issue of privilege rests on plaintiff, on failure to sustain which plea should be sustained.**

Filing of plea of privilege by defendant and controverting plea by plaintiff raises issue to be tried, and burden of proof in trial of such issue rests on plaintiff, and if plaintiff fails to sustain such burden, plea of privilege should be sustained.

6. **Pleading 111—Court must sustain plea of privilege where plaintiff fails to support his controverting affidavit.**

Where plaintiff failed to introduce any evidence to prove his controverting affidavit to defendant's plea for change of venue, court was required to sustain plea.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Action by Loyle Daniels against Tom Smith. From an order overruling a plea of privilege, defendant appeals. Reversed and remanded, with instructions.

Ira Lawley, of Groesbeck, and Ratliff & Ratliff, of Haskell, for appellant.

B. W. Miles, of Coolidge, for appellee.

STANFORD, J. Appellee, a resident of Limestone county, sued appellant, a resident of Haskell county, in the county court of Limestone county, to recover on an account.

for goods, wares, and merchandise sold and for money advanced, amounting in the aggregate to $289.09. Appellant duly filed his plea of privilege in statutory form, seeking to have the cause transferred to Haskell county, the county of his residence. Appellee then filed his controverting affidavit, to which appellant replied by general demurrer, general denial, and certain special exceptions. On October 17, 1925, the county court entered its order overruling appellant's demurrer and special exceptions and overruling the plea of privilege, without appellee offering any evidence in support of his controverting affidavit. This appeal is from the order of the court overruling said demurrer and exceptions and plea of privilege.

[1] Under appellant's second assignment he contends the court erred in overruling his special exception No. 2 addressed to appellee's controverting affidavit, for the reason that said controverting affidavit was not verified as required by law. The controverting affidavit is signed by "Loyle Daniels, Plaintiff." The purported affidavit is as follows:

"State of Texas, County of Limestone:

"Loyle Daniels, being first duly sworn upon oath, says: I am the plaintiff in the foregoing petition; I have read said petition, and the facts alleged therein are true in substance and in fact.
                        "W. J. Hamock.

"Sworn to and subscribed before me this the 28th day of September, 1925.
"[Seal]          ————,
"Notary Public, Limestone County, Texas."

Article 2007 of our statutes provides:

"If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

The controverting plea here does not appear to be sworn to by any one, and for this reason was insufficient, and the court should have sustained appellant's exception raising this question. Article 2007, Revised Statutes; E. L. Witt & Sons v. Stith (Tex. Civ. App.) 265 S. W. 1076. We sustain this assignment.

[2] Under appellant's third assignment he contends the court erred in overruling and in not sustaining his third special exception to said controverting affidavit, wherein plaintiff claimed venue in Limestone county, because, at the time he filed this suit, he sued out an attachment, and that he thereby acquired jurisdiction under article 1830, par. 8 of the Revised Statutes, for the reason that said article and said paragraph have no application. This suit was not a suit for damages growing out of the suing out of and levy of a writ of attachment. Said article and paragraph of the statutes have no application whatever to this case, and the court should have sustained appellant's exception raising this question. We sustain this assignment.

[3] Under appellant's fourth assignment

he contends the court erred in overruling and in not sustaining his special exception to plaintiff's controverting affidavit, wherein plaintiff charged that defendant perpetrated a fraud in collecting certain sums of money belonging to plaintiff, for the reason no facts are alleged charging or attempting to charge defendant with any actionable fraud by reason of which venue could be sustained in Limestone county. As shown by his petition, appellee alleged that:

"On or about the 1st day of February, 1925, he advanced to defendant on his open account $136.84, and on or about the 1st day of March, 1925, plaintiff at the special instance and request of defendant sold and delivered to defendant certain goods, wares, and merchandise * * * in the sum of $152.25, making a total of $289.09."

In his controverting affidavit, in order to show fraud in Limestone county and by reason thereof hold the venue of this suit in said county, appellee alleged, in substance, that on June 15, 1925, appellee collected from Dr. Tull $85 which belonged to appellee, and on June 15, 1925, collected from D. E. Davis $22 that belonged to appellee, and on June 15, 1925, collected from Leslie Jackson $———— which belonged to appellee, and that appellant fraudulently appropriated all of said moneys, etc. The moneys sued for, alleged to have been "advanced" to appellant on February 1, 1925, in the amount of $136.84, evidently were not the same moneys alleged to have been wrongfully collected from different parties on June 15, 1925, in the total amount of $107, and, if not the same, then the alleged fraud as set forth in the controverting affidavit was wholly immaterial. The fraud referred to in the statute has reference only to fraud connected with the subject-matter of the suit, and applies only to actions for fraud, or to actions based upon fraud. This is not such an action, but is one based upon an open account for money advanced and merchandise sold and delivered. Article 1995, Revised Statutes, par. 7; article 1830, par. 7, Vernon's Sayles' Civil Statutes, and notes. This assignment is sustained.

[4-6] Under appellant's fifth and sixth assignments he contends the court erred in overruling the plea of privilege without hearing any evidence. The filing of a plea of privilege on the part of a defendant in the manner and form required by law entitles such defendant to have said plea sustained and the cause transferred to the county of his residence, in the absence of a controverting verified plea by the plaintiff, sustained by evidence. The filing of the plea of privilege by defendant and the filing of the controverting affidavit by the plaintiff raise the issue to be tried, and the burden of proof in the trial of such issue rests upon the plaintiff, and if plaintiff fails to sustain such burden the plea of privilege should be sustained. In this case the appellee failed to introduce any

evidence to prove the allegations of his controverting affidavit were true. This being true, the only judgment the trial court could properly render was one sustaining the plea, and the court was in error in failing to do so. A. B. Richards Medicine Co. v. Mullens (Tex. Civ. App.) 272 S. W. 516, and cases cited.

The judgment of the trial court is reversed and remanded, with instructions to sustain the plea of privilege and to transfer this cause to the county court of Haskell county.