## EGGAMEYER v. SAN ANTONIO MACHINE & SUPPLY CO.    (No. 7149.)

Court of Civil Appeals of Texas. Austin.
Oct. 12, 1927.

1. Pleading ⊚⟫111—Burden is on plaintiff to make at least prima facie case showing venue in county of suit, where defendant files plea of privilege (Rev. St. 1925, art. 2007).

Where defendant filed plea of privilege under Rev. St. 1925, art. 2007, burden was on plaintiff to make at least prima facie case showing venue in county of suit.

2. Pleading ⊚⟫111—Where defendant filed plea of privilege, allegations of controverting affidavit were insufficient when unsupported by evidence (Rev. St. 1925, arts. 1995, § 23, art. 2007).

Where defendants filed sworn plea of privilege in full compliance with Rev. St. 1925, art. 2007, allegations of controverting affidavit, asserting that cause of action arose in county of suit, under article 1995, § 23, held insufficient when unsupported by evidence.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Action by W. A. Eggameyer against the San Antonio Machine & Supply Company, in which defendant filed plea of privilege. From an order transferring the cause to another county on defendant's plea of privilege, plaintiff appeals. Affirmed.

Crager & Dickey, of Ballinger, for appellant.

Goeth, Webb & Goeth, of San Antonio, for appellee.

McCLENDON, C. J. Appeal from order transferring cause to Bexar county upon plea of privilege. Suit for alleged breach of contract and warranty in sale by defendant, a private corporation, to plaintiff, of "a cottonseed culling machine." Defendant filed a sworn plea in full compliance with R. S. art. 2007, alleging its residence in Bexar county, denying its residence in Runnels county, and negativing the existence of any exception which would authorize suit other than in county of its residence. Plaintiff controverted this plea by reiterating, as facts, the several allegations in his petition, and asserting that therefore the cause of action or a part thereof arose in Runnels county, thus laying venue in that county, under R. S. art. 1995, § 23. Defendant filed a verified reply to this affidavit, denying generally the allegations therein, except as specifically admitted by it, and then alleged a sale of the machine by written contract, and set up a provision thereof to the effect that exclusive venue of all suits arising thereunder was laid in Bexar county. There is nothing in the record to indicate that there was any evidence introduced upon the hearing.

We assume, for present purposes, that plaintiff's controverting affidavit alleged facts sufficient to lay venue in Runnels county under R. S. art. 1995, § 23; and that the contract stipulation attempting to lay exclusive venue in Bexar county was void under the holding in International Travelers' Association v. Branum, 109 Tex. 543, 212 S. W. 630, and subsequent cases.

[1, 2] We sustain appellee's counter-proposition to the effect that the burden of proof is on the plaintiff to make out at least a prima facie case showing venue in the county of suit, and that the allegations of the controverting affidavit are insufficient when unsupported by evidence. Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896, and numerous holdings by the Courts of Civil Appeals, including Medicine Co. v. Mullens (Tex. Civ. App.) 272 S. W. 516; Bank v. Alexander (Tex. Civ. App.) 274 S. W. 184; Smith v. Daniels (Tex. Civ. App.) 288 S. W. 496.

The trial court's judgment is affirmed.
Affirmed.