## BRYAN et al. v. COLLINS. (No. 3012.)

Court of Civil Appeals of Texas. Amarillo.
April 18, 1928.

**1. Pleading ⊂⇒111—Evidence, not showing defendants trespassed on tenant's land, entitled defendants to change of venue to counties of their residence (Rev. St. 1925, art. 2007).**

In action by tenant to recover damages from landlord and to restrain landlord and others from interfering with tenant's right to use land during period of lease, in which defendants filed pleas of privilege to be sued in county of their residences, evidence *held* not to show defendants liable for trespass by reason of laying out town site and other acts, and defendants were entitled to change of venue, under Rev. St. 1925, art. 2007, to county of their residence.

**2. Pleading ⊂⇒111—Where defendant files plea of privilege, plaintiff has burden of proving right to sue in county of suit (Rev. St. 1925, art. 2007).**

Under Rev. St. 1925, art. 2007, providing that when filed, plea of privilege shall be prima facie proof of defendant's right to change of venue, and providing that, should plaintiff desire to controvert plea of privilege, he shall file controverting plea under oath, plaintiff has burden of showing by proof that he has right to maintain suit in court other than in county of defendant's residence, where defendant files plea of privilege.

**3. Pleading ⊂⇒111—Where defendant filed controverting affidavit, plaintiff had burden of establishing right to maintain suit in county of suit by showing defendant guilty of trespass charged, and that plaintiff did not waive trespass (Rev. St. 1925, art. 2007).**

Under Rev. St. 1925, art. 2007, where defendant files controverting affidavit, plaintiff has burden of establishing right to maintain suit in county in which it is pending, not only by showing defendant was guilty of trespass charged, but also by showing that plaintiff had not consented to, waived, acquiesced or concurred in, trespass.

**4. Pleading ⊂⇒111—Plaintiff must prove, as well as allege, facts necessary to maintain suit in county not defendant's residence (Rev. St. 1925, art. 2007).**

Under Rev. St. 1925, art. 2007, burden is on plaintiff, not only to allege, but also to prove, such facts as are necessary for venue to be retained in county other than county of defendant's residence, since right to sue in county other than residence of defendant depends on existence of facts which constitute an exception to statute, and not on mere averment of such facts.

Appeal from District Court, Carson County; Newton P. Willis, Judge.

Suit by J. H. Collins against E. F. Bryan, W. A. Bergstrom, T. C. Ward, and another. Defendant Bryan individually, and Bergstrom and Ward jointly, filed plea of privilege to be sued in county of their residences. From a judgment overruling the pleas, defendants appeal. Reversed and remanded with instructions.

Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellants.

Coffee & Holmes, of Borger, for appellee.

RANDOLPH, J. J. H. Collins, hereinafter styled plaintiff, filed this suit to recover damages from E. F. Bryan and to restrain the said Bryan, W. A. Bergstrom, T. C. Ward, and M. C. Boyd from in any manner interfering with plaintiff's right to the use of two certain sections of land, to be effective during the remaining period of a lease thereof held by the plaintiff.

The defendant Bryan individually, and Bergstrom and Ward jointly, filed pleas of privilege to be sued in Potter county, the county of their residences. The matters of fact set out in the pleas of privilege and the controverting affidavit were submitted to a jury upon special issues, and judgment was thereupon rendered by the court, overruling said pleas. Appeal was taken from said judgment, and the judgment is before this court for revision.

The two questions for our consideration, as disclosed by the evidence and oral argument, are: Was the defendant Bryan guilty of a trespass upon the plaintiff's lease, and, if he was, was this trespass concurred and acquiesced in by the plaintiff, by his sharing of the benefits of the alleged trespass?

The allegations with reference to the breaking down of the fences and the destruction of plaintiff's crops by the employees of the oil companies, as we understand the position of appellee's attorney in the oral argument, have been abandoned, but, if not, then we find that the evidence discloses that the plaintiff's lease covered only the surface rights to the land; that, at the time plaintiff contracted with Bryan for the 1927 lease, at least one well was located and being drilled on the land, and that at said time there were on record a number of oil and gas leases from the defendant Bryan to various oil companies, covering a large portion of said land, thus giving constructive notice to plaintiff of the rights of such companies to enter upon and use said land for drilling purposes, and that the tearing down of the fences and destruction of the crops was not the act of Bryan, as admitted by plaintiff, and he was not either personally, or through his agents, responsible therefor.

The two questions suggested above arise from the following facts:

The defendant Bryan transferred to Bergstrom and Ward certain town-site privileges, the first of which covers 40 acres of the land, and is called "Roxana town site." From the plaintiff's evidence, it is established that he had been fully paid for the surrender of his

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rights to the land covered by this particular town site. This, therefore, eliminates the trespass, if any, by reason of the laying out of the Roxana town site.

Plaintiff's petition nowhere alleges a conspiracy on the part of the defendants, and nowhere charges that there was any trespass on the part of defendant Bryan in conspiracy with the other defendants, or by his command, unless the following portion of said petition can be said to so charge it, to wit:

"Plaintiff alleges, by reason of the development of said oil field upon, and in such close proximity to the land hereinafter described, that he has been unable to maintain any fencing around the farm and pasture land, so as to either successfully raise a crop thereon during this year, or to use the grass, for live stock purposes at all, and that he has lost the entire use of said premises up to this time, and will continue to lose the use of the same during the remaining period of his lease, but plaintiff says that the surface rights of said land since the 1st of January, 1927, has had an enhanced value over and above the usual price for farming or live stock raising, for the reason that the defendant Bryan, against the protest of plaintiff, has laid off, and sold, surface rights for the erection of business uses, at a great profit, to wit, $500 per acre, on 40 acres of the land, covered by plaintiff's leasehold, and the said defendant Bryan has leased the surface rights on 400 acres of said land, at $1,000 per year, out of the plaintiff's holdings, and is also leasing and receiving from various and sundry persons and companies stipulated amounts per month for the use of space upon which said parties and companies are transacting business, but, as to the names and amounts being so received, plaintiff is not informed, but charges that said sums amount to $1,000 per month, and among which persons is M. C. Boyd, who pays to the said Bryan $25 per month ground rent, for a small space occupied by him for operating a store, and from one J. T. Martin he receives $5 per month for the ground space, for a small lot upon which the said Martin is doing business, and the plaintiff charges that a great many other persons and companies are paying, and will continue to pay throughout the year stipulated amounts to the said Bryan, for the use and occupancy of the surface rights on the land covered by plaintiff's rental contract and the use of which belongs to this plaintiff, and plaintiff charges that the rents and revenues derived from the surface rights of said two sections, exclusive of 40 acres for which he has received pay, will amount to $1,000 per month for, and during the whole year, of 1927, and for which amount the said E. F. Bryan should be required to account to this plaintiff, making a total for the value of the use of said land for 1927, and being the amount actually received, and to be received, at $12,400.

"And plaintiff alleges that the said E. F. Bryan has willfully and wantonly disregarded the plaintiff's rights to the use of said land and has over plaintiff's protest, contracted with, and permitted certain parts of said land to be plotted and sold or some right therein sold by the defendants Bergstrom and Ward, and the defendant Bryan has made numerous agreements and contracts with other persons and corpora-

5 S.W.(2d)—38½

tions under and by the terms of which he has let the right, and use of the surface, who have now forcibly entered upon and taken possession of the same to the extent that the plaintiff's lease holding has lost all value for the purposes for which he rented the same."

[1] We are inclined to the opinion that the facts in evidence do not make the defendant Bryan liable for a trespass. 2 Tiffany, 1275–1276.

As to the additional town site charged to have been laid out by defendant Bryan, as testified to by the plaintiff, if we concede that the laying out of same was, and constituted, a trespass, under the facts proved, then we are met by the proposition that the plaintiff not only acquiesced in same, but actively promoted such town site, and participated in the profits of sales of the lots, in that, as sales agent, he "boosted" same and received commissions on the amount of the sales price of several of the lots so sold by him. He testified that he was very diligent and active in promoting these town sites.

[2] Article 2007, Revised Civil Statutes 1925, provides that, when filed, the plea of privilege shall be prima facie proof of the defendant's right to change of venue. It also provides that, should the plaintiff desire to controvert the plea of privilege, he shall, within five days after appearance day, file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where said cause is pending. This last requirement does not change the burden of proof, but leaves it on the plaintiff to show by proof that he has the right to maintain the suit in the court other than in the county of the defendant's residence. Witt & Sons v. Stith (Tex. Civ. App.) 265 S. W. 1076; Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; Parker v. Ertel (Tex. Civ. App.) 266 S. W. 447.

[3] This being true, when the defendant has filed his controverting affidavit, it devolves on the plaintiff to establish his right to maintain his suit in the county in which the suit is pending, not only by showing that the defendant was guilty of the trespass charged against him, but also to show that the plaintiff had not consented to, waived, acquiesced or concurred in, the trespass. This is necessary in order that the plaintiff establish his right to bring his action in the county he seeks to maintain his suit in.

[4] The burden is on the plaintiff not only to allege, but also to prove, such facts as are necessary for the venue to be retained in the county other than the county of defendant's residence. Hutchison v. Hamilton & Son (Tex. Civ. App.) 223 S. W. 864–866; Lindley v. Merchants' & Farmers' State Bank (Tex. Civ. App.) 264 S. W. 159; A. B. Richards Medicine Co. v. Mullens (Tex. Civ. App.) 272 S. W. 516.

The proof must, in every respect, sustain the plaintiff's right to maintain the venue. Eyres v. Crockett State Bank (Tex. Civ. App.) 223 S. W. 268; Standard Rice Co. v. Broussard (Tex. Civ. App.) 223 S. W. 323.

The right to sue in county other than the residence of the defendant depends upon the existence of facts which constitute an exception to the statute, and not upon the mere averment of such facts. Green v. Partin (Tex. Civ. App.) 235 S. W. 646–648.

Because of the error above alleged, the trial court's judgment is reversed and here remanded, with instructions to said court to sustain defendant's plea of privilege and transfer the cause to Potter county, Tex., for trial.