AUSTIN, Banking Com'r, et al. v. BEARDEN.
(No. 3713.)

Court of Civil Appeals of Texas. Texarkana.
May 30, 1929.

Claude Pollard, Atty. Gen., C. W. Trueheart, Asst. Atty. Gen., and Jno. W. Goodwin, Geo. E. Shelley, and Jerome Sneed, Jr., all of Austin, for appellants.

R. T. Jones, of Henderson, for appellee.

WILLSON, C. J. (after stating the case as above). Whether appellee in his plea controverting appellants' plea of privilege alleged the existence of facts showing exceptions he invoked to the rule prescribed by article 1995, R. S. 1925, referred to in the statement above, need not be determined, for if he did he failed to prove the existence of such facts. That being true, appellants' third assignment of error, in which they complain of the action of the trial court in overruling their plea of privilege, should be and is sustained. That in the absence of such proof by appellee, appellants' said plea, conforming as it did to the requirements of the statute (article 2007, referred to in the statement above), should have been sustained and the cause transferred to Travis county for trial on its merits, is too well established by repeated decisions of the courts of this state to need further examination and discussion. Hutchison v. R. Hamilton & Son (Tex. Civ. App.) 223 S. W. 864; Jaffee v. Walkup (Tex. Civ. App.) 2 S.W.(2d) 480, and the cases there cited; Elliott Jones & Co. v. M. K. Towns Production Co. (Tex. Civ. App.) 283 S. W. 246; Neyland v. Benson (Tex. Civ. App.) 292 S. W. 251; Citizens' Nat. Bank v. Trust Co. (Tex. Civ. App.) 11 S.W.(2d) 242; Hamlin v. Surety Co. (Tex. Civ. App.) 13 S.W.(2d) 382; Cloyd v. Sacra (Tex. Civ. App.) 175 S. W. 456; Carver Bros. v. Merrett (Tex. Civ. App.) 184 S. W. 741; Masterson v. O'Fiel (Tex. Civ. App.) 219 S. W. 1117; Strawn Mdse. Co. v. Hay Co. (Tex. Civ. App.) 230 S. W. 1094; Standard Rice Co. v. Broussard (Tex. Civ. App.) 223 S. W. 323; Waxahachie Nat. Bank v. Sigmond Rothschild Co. (Tex. Civ. App.) 235 S. W. 633; Green v. Partin (Tex. Civ. App.) 235 S. W. 646; Nagle v. Weatherby (Tex. Civ. App.) 236 S. W. 509; First Nat. Bank v. Bulls (Tex. Civ. App.) 243 S. W. 577; J. G. Smith Grain Co. v. Shuler (Tex. Civ. App.) 249 S. W. 524; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; Accidental Oil Mills v. Shoemake (Tex. Civ. App.) 254 S. W. 385; Leach v. Stone (Tex. Civ. App.) 264 S. W. 620; Penix v. Davis (Tex. Civ. App.) 265 S. W. 718; Dallas R. Co. v. Kimberly (Tex. Civ. App.) 268 S. W. 1054; Scott v. Noakes (Tex. Civ. App.) 277 S. W. 735; DeWitt v. Bonding Co. (Tex. Civ. App.) 283 S. W. 588; Moore v. Investment Finance Corporation (Tex. Civ. App.) 299 S. W. 324; Goad Motor Co. v. Yantis (Tex. Civ. App.) 4 S.W.(2d) 282; Bryan v. Collins (Tex. Civ. App.) 5 S.W.(2d) 600.

The judgment will be reversed, and judgment will be here rendered sustaining the plea of privilege and directing the clerk of the district court of Rusk county to make up a transcript of all the orders made in the cause, certify thereto under the seal of said court, and then transmit same, with the original papers in the cause, to the clerk of a district court of Travis county. Lewis & Knight v. Florence (Tex. Civ. App.) 217 S. W. 1116; Rathburn v. Royal (Tex. Civ. App.) 281 S. W. 851.