## BRINKLEY v. STATE.

### No. 11243.

Court of Civil Appeals of Texas. Dallas.

Oct. 1, 1932.

Rehearing Denied Oct. 29, 1932.

See, also (Tex. Civ. App.) 49 S.W.(2d) 516.

Jed C. Adams, of Dallas, for appellant.

Wm. McCraw, Dist. Atty., and S. L. Lewis, Asst. Dist. Atty., both of Dallas, for the State.

JONES, C. J.

A suit was instituted May 27, 1931, by the state of Texas, on the relation of William McCraw, criminal district attorney of Dallas county, against Dr. John R. Brinkley, to cancel a license to practice medicine, issued to him in 1919, by the Texas State Board of Medical Examiners. The suit was instituted on the request of Dr. T. J. Crowe, a resident of Dallas county, and secretary of the Texas State Board of Medical Examiners. The only allegation in the petition as to the residence of Dr. John R. Brinkley is that when such residence was last known it was at Milford, Gary county, Kan., though the petition prays that "defendant be cited to appear and answer herein." Citation was issued to Val Verde county, Tex., and served on Dr. Brinkley, June 24, 1931, by the sheriff of said county.

To this suit appellant, John R. Brinkley, seasonably filed a plea of privilege, alleging his residence to be in Val Verde county, and denying that any exception exists that would permit appellee to sue him in Dallas county. This plea of privilege was sufficient in form to present to the court the issue of venue of the suit. Appellee seasonably filed its controverting affidavit, in effect denying that appellant is a resident of Val Verde county, or of any other county in the state, and alleging that his only legal residence was in Milford, Gary county, Kan., at the time of filing of the suit, and that appellant is a nonresident and subject to be sued in Dallas county, the residence of the secretary of the Texas State Board of Medical Examiners, at whose request the suit is instituted. Before the hearing on the plea of privilege, appellee filed an amended petition, the record not disclosing that leave was first

obtained to do so, and also filed an amended controverting affidavit, after leave was obtained to do so. The court, however, refused to consider the amended controverting affidavit and appellee has duly filed a cross-assignment of error, challenging the correctness of such ruling.

A hearing was had on the issue joined by the plea of privilege and the original controverting affidavit. At the conclusion of such hearing the court overruled the plea of privilege and entered judgment retaining venue of the suit. The appeal has been duly perfected to this court. There is no conflict in the evidence on any material issue. This evidence establishes the fact that John R. Brinkley, in January, 1932, was a resident of Milford, Kan., and maintained a hospital at such place, in which he gave medical treatment to patients; that early in 1932 he made different trips to the state of Texas, and into Mexico, for the purpose of selecting a site to establish, just across the border in Mexico, a radio broadcasting station; that on March 10, 1932, he had selected Villa Cuna, in Mexico, on the opposite bank of the Rio Grande river from the city of Del Rio, in Val Verde county, Tex., for such location; that at this time he stopped at a hotel in Del Rio, registering from Milford, Kan.; that it was his intention at once to begin the construction of the radio broadcasting station in Villa Cuna, and an operating room or studio in Del Rio, from which messages would be sent from Del Rio, Tex., over the broadcasting station; that in pursuance of this intention, in April, 1932, appellant brought his family (consisting of himself, his wife, and a son) to Del Rio, registering at a hotel as being from Milford, Kan.; that the family lived at this hotel for approximately two weeks, when they moved into a rented and partly furnished residence in the city of Del Rio; and that he intended to reside at said place for an indefinite period of time, for the purpose of operating the broadcasting station.

The evidence further shows that work was begun in a very short time on the broadcasting station, and work also was begun on the studio in the rented residence. This work was supervised by appellant. During this time and before the filing of the suit, appellant made about four business trips into the state of Kansas, but returned each time to the residence as soon as he had completed the business. Since the completion of the broadcasting station, which was after the filing of this suit, he remained at his residence in Del Rio, and from his studio in such city used his broadcasting station. His introduction to the radio audience was made by himself as "Dr. John R. Brinkley of Milford, Kansas." Appellant has invested a large sum of money in the broadcasting station in Mexico, and also in his studio at his Del Rio residence. His hospital in Milford, Kan., was leased to another physician, who treats the patients there, after appellant began to reside in Del Rio. Appellant expects to continue, for an indefinite period of time, his voting residence in Milford, Kan., and a business residence in Del Rio, Tex.

■ The original petition, as against a general demurrer, states a cause of action and states the same cause of action alleged in the amended petition. The original controverting affidavit raises the only question involved on the issue of venue, and hence we hold that, though appellee had a right to amend its controverting affidavit, it has suffered no injury by the ruling of the court, and hence the error is harmless.

This evidence being undisputed on any material fact, the appeal presents only a question of law as to its legal effect. If the legal effect of this evidence be to establish the fact that appellant was a nonresident of this state at the time the suit was filed, then the judgment denying the plea of privilege was correctly entered; on the other hand, if the legal effect of this evidence be to establish the fact that on such date appellant was a resident of Val Verde county, Tex., under the venue statutes of this state, then the judgment is erroneous.

■ We are of the opinion that, under the rule of law announced in this state, as to what constitutes a residence under our venue statutes, this evidence conclusively shows that appellant had established a residence in the city of Del Rio, Val Verde county, Tex. This conclusion, on the facts of the instant case, necessarily follows from the opinion of our Supreme Court in Taylor v. Wilson, 99 Tex. 651, 93 S. W. 109; hence, on the authority of that case, which has always been followed in this state, we reverse the judgment of the lower court and here render judgment in favor of appellant, granting the plea of privilege, and directing this cause to be transferred to the district court of Val Verde county, Tex. The following additional cases are believed to be in point: Pearson v. West, 97 Tex. 238, 77 S. W. 944; Gilmer v. Graham (Tex. Civ. App.) 26 S.W.(2d) 687; Johnson v. State (Tex. Civ. App.) 267 S. W. 1057.

Reversed and rendered.