## HICKS v. SMITH.
### No. 4274.

Court of Civil Appeals of Texas. Amarillo.
Oct. 22, 1934.

Sam Aldredge, of Farwell, for appellant.

Edgar Hutchins, of Crosbyton, for appellee.

JACKSON, Justice.

The appellee sued the appellant in the county court of Crosby county. She alleged she was of Bell county and that the appellant resided in Parmer county and that he had in Crosby county converted certain personal property of hers of the value of $200, for which, together with rent at the rate of $25 per month for the use thereof, she asked judgment.

In due time and form the appellant filed his plea of privilege, asking that the case be transferred to his place of residence, Parmer county. The appellee filed a controverting affidavit, notice was given, and the plea of privilege overruled on November 28, 1933.

The judgment recites, in effect, that the appellant presented his plea of privilege and the appellee presented her controverting affidavit and the court, without hearing any evidence, but acting upon the pleadings, overruled the plea of privilege.

Article 2007, R. C. S., provides, in part, that: "A plea of privilege to be sued in the county of one's residence shall be sufficient if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of process thereon, nor at the time of filing such plea, a resident of the county in which such suit was instituted and shall state the county of his residence at the time of such plea, and that 'no exception to exclusive venue in the county of one's residence provided by law exists in said cause'; and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue."

The plea of privilege was in substantial compliance with the statute. Brinkley v. State (Tex. Civ. App.) 53 S.W.(2d) 830. The appellant having filed his written plea of privilege in conformity to the statute and the appellee having filed a controverting affidavit thereto, an issue of fact was joined, and in the absence of proof on either side, the trial court should have sustained the plea. Hayes et al. v. Penney (Tex. Civ. App.) 215 S. W. 571; Texas Supply Co. v. Bankers' & Merchants' Oil Co. (Tex. Civ. App.) 219 S. W. 838; Bryan v. Collins (Tex. Civ. App.) 5 S.W.(2d) 600; Austin, Banking Commissioner et al. v. Bearden (Tex. Civ. App.) 18 S.W.(2d) 856; Brooks v. Herren (Tex. Civ. App.) 20 S.W.(2d) 807.

It is obvious that under the record the court should have sustained appellant's plea of privilege, and the judgment is therefore reversed and the trial court instructed to transfer the case to the county court of Parmer county. Yantis et al. v. Gilliam (Tex. Civ. App.) 62 S.W.(2d) 173; Lewis & Knight v. Florence (Tex. Civ. App.) 217 S. W. 1116.