

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 9, 1962

Mr. Lon E. Alsup                    Opinion No. WW-1274
Executive Secretary-Director
State Commission for the Blind  Re: Whether the State
201 East 14th Street                Commission for the
Austin, Texas                       Blind is permitted
                                    to provide eye surgery
                                    to a child living in
Dear Mr. Alsup:                     El Paso who is an alien.

        You have asked this office for an opinion as to
whether the State Commission for the Blind is permitted
to provide eye surgery to a child living in El Paso who
is an alien. From your letter it is apparent that the
child is residing with its parents, who have never taken
out naturalization papers.

        The authority for the Commission to provide eye
surgery is found in Article 3207c, Vernon's Civil Statutes.
In Section 1 thereof, the following definitions are found:

        " . . .

        "(d) 'Employment handicap' means a physical or
    mental condition which constitutes, contributes to
    or if not corrected will probably result in an ob-
    struction to occupational performance;

        "(e) 'Disabled individual' means any person
    who has a substantial employment handicap;

        "(f) 'Blind' means a person having not more
    than 20/200 of visual acuity in the better eye with
    correcting lenses; or visual acuity greater than
    20/200 but with a limitation in the field of vision
    such that the widest diameter of the visual field
    subtends an angle no greater than 20 degrees;

        "(g) 'Vocational rehabilitation' and 'voca-
    tional rehabilitation services' mean any services,
    provided directly or through public or private

instrumentalities, found by the Director to be necessary to compensate a blind disabled individual for his employment handicap, and to enable him to engage in a remunerative occupation including, but not limited to, medical and vocational diagnosis, vocational guidance, counselling and placement, rehabilitation training, physical restoration, . . .;

" . . .

"(i) 'Physical restoration' means any medical, surgical or therapeutic treatment necessary to correct or substantially reduce a disabled blind individual's employment handicap within a reasonable length of time including, but not limited to, medical, psychiatric, dental and surgical treatment, nursing services, hospital care, convalescent home care, drugs, medical and surgical supplies, and prosthetic appliances, but excluding curative treatment for acute or transitory conditions;

" . . ."

Section 8 of Article 3207c, V.C.S., provides:

"Vocational rehabilitation services shall be provided to any blind disabled individual (1) who is a resident of the State at the time of filing his application therefor and whose vocational rehabilitation, the Director determines after full investigation, can be satisfactorily achieved, or (2) who is eligible therefor under the terms of an agreement with another State or with the Federal Government: Provided, that, except as otherwise provided by law or as specified in any agreement with the Federal Government with respect to classes of individuals certified to the Commission thereunder, the following rehabilitation services shall be provided at public cost <u>only to disabled blind individuals found to require financial assistance with respect thereto</u>:

"(a) <u>Physical restoration</u>

". . ." (Emphasis supplied)

Clearly, the above-quoted statute provides the Commission with authority to afford eye surgery as a vocational rehabilitation service, provided that the blind person is found to require financial assistance. Nothing in the statute would prohibit the rendering of this physical restoration to a child, if it were found by the Commission that neither the child nor his parents were able to undertake the financial burden involved.

As regards the alien status of the child, Section 8 of Article 3207, V.C.S., imposes only the requirement that the blind disabled individual be "a resident of the State at the time of filing his application therefor and whose vocational rehabilitation, the Director determines after full investigation, can be satisfactorily achieved." Black's Law Dictionary, 4th Edition, defines the word "residence" as: "A factual place of abode; living in a particular locality. It requires only bodily presence as an inhabitant of a place." In determining the meaning of "residence", the Texas courts have followed the above definition. Brinkley v. State, 53 S.W.2d 830 (Civ.App. 1932); Cramer v. Graham, 264 S.W.2d 135 (Civ.App. 1954, error ref.). Therefore, it would seem that the child would not be barred from receiving the assistance of the Commission for the Blind by virtue of the fact that he is an alien. As long as said child is living in the locality, and was so living at the time of making application for vocational rehabilitation, this office must hold that he has fulfilled the statutory requirement that he be a "resident of the State"; and if the child fulfills the other requirements set forth in Article 3207c, V.C.S., he is fully entitled to the services of the Commission for the Blind.

## SUMMARY

The mere fact that a child is an alien does not prevent him from being a "resident of the State" within the meaning of Article 3207c, Section 8, Vernon's Civil Statutes, and the State Commission for the Blind is authorized to provide eye surgery if the child meets the other requirements set forth in the said Article 3207c.

Yours very truly,

WILL WILSON
Attorney General of Texas

by Malcolm L. Quick
Assistant

MLQ:kkc

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Thomas Burros
Jack Goodman
Leon Pesek
W. O. Shultz
REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.